RICHARD L. CHAPMAN, SR., APPELLANT, V. UNION PACIFIC
RAILROAD, A CORPORATION, APPELLEE.
467 N.W.2d 388

Filed March 22, 1991.    No. 89-1329.

618

Lloyd R. Bergantzel for appellant.

Gayla L. Fletcher and Kathleen J. Ford for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In two "divisions" of his amended petition, Richard L. Chapman, Sr., asserted actions against his employer, Union Pacific Railroad, a corporation, for personal injuries which Chapman sustained in an automobile accident that occurred during Chapman's employment on December 6, 1985. The district court for Douglas County struck certain allegations from "DIVISION I" of Chapman's amended petition and, after sustaining a demurrer to "DIVISION II," dismissed Chapman's action asserted in that division when Chapman declined to replead and stood on the allegations of Division II. At the close of evidence in Chapman's case in chief, the district court, on Union Pacific's motion, directed a verdict for the railroad. We affirm.

## CHAPMAN'S AMENDED PETITION

*Division I: Federal Employers' Liability Act.*

In Division I of Chapman's amended petition, under the heading "Federal Employer's Liability Act," Chapman alleged that at the time of the accident, he was a Union Pacific employee in the interstate operation of a motor vehicle supplied by Union Pacific, which was then engaged in the "business of interstate commerce and interstate transportation as a common carrier by railroad." Chapman drove the railroad's vehicle from Omaha, Nebraska, to Council Bluffs, Iowa. When Chapman stopped Union Pacific's vehicle at a stop sign in Council Bluffs, an automobile, apparently driven by an uninsured motorist, struck the rear end of the Union Pacific vehicle.

According to Chapman's amended petition, Union Pacific was negligent by:

(a) Failing to provide Plaintiff with a vehicle equipped with headrests. (b) Failure to provide Plaintiff with vehicle with both seatbelts and shoulder harness. (c) Failure to comply with Iowa uninsured/underinsured requirements. . . . (e) Failure to inform Plaintiff that he was not covered by any type of uninsured or underinsured coverage.

Chapman concluded that Union Pacific's "negligence was a violation of the Federal Employers' Liability Act," 45 U.S.C. §§ 51 et seq. (1988).

*Division II: Negligence.*

In Division II of his amended petition, under the heading "Negligence," Chapman, by reference, incorporated and reasserted all allegations contained in Division I. Chapman then alleged that Union Pacific failed to notify him that "he was not covered by an automobile insurance policy which contained uninsured or underinsured coverage" and failed to notify Chapman that "he should acquire proper automobile insurance," since Union Pacific, a self-insurer, see Neb. Rev. Stat. § 60-562 (Reissue 1988), did not provide "uninsured/underinsured" motorist protection on its vehicles. Those omissions, Chapman alleged, constituted negligence which resulted in Chapman's damages from the vehicular accident described in Division I of the amended petition.

## UNION PACIFIC'S PLEADINGS

In a motion under Neb. Rev. Stat. § 25-833 (Reissue 1989) (irrelevant matter stricken), Union Pacific requested, among other things, that paragraph 9(c) and (e) of Division I in Chapman's amended petition be stricken as irrelevant to Chapman's action under the Federal Employers' Liability Act. Also, Union Pacific demurred to Division II of Chapman's amended petition and, pursuant to Neb. Rev. Stat. § 25-806 (Reissue 1989), claimed that the amended petition failed to state a cause of action, since the Federal Employers' Liability Act was Chapman's "exclusive remedy" under the circumstances.

## DISTRICT COURT'S JUDGMENTS

The district court sustained Union Pacific's motion and struck paragraph 9(c) and (e) from Division I of Chapman's amended petition. The court also sustained Union Pacific's demurrer to Division II of Chapman's amended petition. When Chapman declined to replead, but stood on the allegations of his amended petition, the court dismissed Division II of Chapman's amended petition. Chapman's case proceeded to trial on Division I with paragraph 9(c) and (e) deleted or stricken by the court. At the conclusion of Chapman's case in chief, the district court directed a verdict for Union Pacific.

## ASSIGNMENTS OF ERROR

Chapman contends that the district court erred (1) in striking paragraph 9(c) and (e) from Division I of Chapman's amended petition, (2) in sustaining the demurrer to Division II, and (3) in directing a verdict for Union Pacific.

## FEDERAL EMPLOYERS' LIABILITY ACT

The Federal Employers' Liability Act provides in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in commerce, [that is,

liability] for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

45 U.S.C. § 51.

We assume that a motor vehicle may be characterized as "equipment" for the purpose of the preceding provision in the Federal Employers' Liability Act. See, e.g., *Mortensen v. Southern Pacific Co.*, 245 Cal. App. 2d 241, 53 Cal. Rptr. 851 (1966) (absence of vehicular seatbelts; actionable negligence under the Federal Employers' Liability Act).

The Federal Employers' Liability Act was enacted pursuant to the power granted to Congress for regulation of interstate commerce under the commerce clause of U.S. Const. art. I, § 8. *Second Employers' Liability Cases*, 223 U.S. 1, 32 S. Ct. 169, 56 L. Ed. 327 (1912); *Parden v. Terminal R. Co.*, 377 U.S. 184, 84 S. Ct. 1207, 12 L. Ed. 2d 233 (1964). As a statute of the United States, the Federal Employers' Liability Act, enacted pursuant to the U.S. Constitution, is a part of "the supreme Law of the Land." U.S. Const. art. VI, cl. 2. See, also, *State ex rel. Douglas v. Karnes*, 216 Neb. 750, 346 N.W.2d 231 (1984) (the supremacy clause of the U.S. Constitution binds the several states, subordinates state law, including legislation, to a congressional enactment, and supersedes state law which conflicts with federal law). The Federal Employers' Liability Act preempts state law and statutorily supplies uniform law controlling a railroad employee's claim for damages caused by negligence of the employer railroad while the employee is engaged in the railroad's interstate commerce activity. *Second*

*Employers' Liability Cases, supra; Dice v. Akron, C. & Y. R. Co.*, 342 U.S. 359, 72 S. Ct. 312, 96 L. Ed. 398 (1952).

Among objectives of the Federal Employers' Liability Act are protection of railroad employees' safety and health and promotion of measures to prevent injury to railroad employees. *Parden, supra; Urie v. Thompson*, 337 U.S. 163, 69 S. Ct. 1018, 93 L. Ed. 1282 (1949); *Jamison v. Encarnacion*, 281 U.S. 635, 50 S. Ct. 440, 74 L. Ed. 1082 (1930); *Minneapolis &c. R. Co. v. Rock*, 279 U.S. 410, 49 S. Ct. 363, 73 L. Ed. 766 (1929).

The U.S. Supreme Court stated in *Sinkler v. Missouri Pacific R. Co.*, 356 U.S. 326, 329-30, 78 S. Ct. 758, 2 L. Ed. 2d 799 (1958):

> [I]n interpreting the FELA, we need not depend upon common-law principles of liability. This statute, an avowed departure from the rules of the common law [citation omitted], was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety. [Citation omitted.] The cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense equitably between the worker and the carrier. [Citation omitted.] The Senate Committee which reported the Act stated that it was designed to achieve the broad purpose of promoting "the welfare of both employer and employee, by adjusting the losses and injuries inseparable from industry and commerce to the strength of those who in the nature of the case ought to share the burden."

The Federal Employers' Liability Act is a broad remedial statute and should be interpreted liberally to fulfill the intent of Congress. *Atchison, T. & S. F. R. Co. v. Buell*, 480 U.S. 557, 107 S. Ct. 1410, 94 L. Ed. 2d 563 (1987).

Courts of the United States and courts of the several states have concurrent jurisdiction over claims controlled by the Federal Employers' Liability Act. 45 U.S.C. § 56. In disposing of a claim controlled by the Federal Employees' Liability Act, a state court may use procedural rules applicable to civil actions in the state court unless otherwise directed by the act, *St. Louis*

*Southwestern R. Co. v. Dickerson*, 470 U.S. 409, 105 S. Ct. 1347, 84 L. Ed. 2d 303 (1985), and *Geris v. Burlington Northern, Inc.*, 277 Or. 381, 561 P.2d 174 (1977), but substantive issues concerning a claim under the Federal Employers' Liability Act are determined by the provisions of the act and interpretative decisions of federal courts construing the Federal Employers' Liability Act, see, *Monessen Southwestern R. Co. v. Morgan*, 486 U.S. 330, 108 S. Ct. 1837, 100 L. Ed. 2d 349 (1988); *Chesapeake & Ohio Ry. Co. v. Kuhn*, 284 U.S. 44, 52 S. Ct. 45, 76 L. Ed. 157 (1931); *Southern Ry. v. Gray*, 241 U.S. 333, 36 S. Ct. 558, 60 L. Ed. 1030 (1916); *Seaboard Air Line v. Horton*, 233 U.S. 492, 34 S. Ct. 635, 58 L. Ed. 1062 (1914). See, also, *McDermott v. Chicago & N. W. R. Co.*, 124 Neb. 727, 730, 248 N.W. 59, 60 (1933): "The state courts are bound by the interpretation of the federal act [Federal Employers' Liability Act] given by the federal courts." Thus, if the Federal Employers' Liability Act applies to an employee's negligence claim, the act supersedes a state's common and statutory law, even though the employee seeks relief in a state court. *Erie R. R. Co. v. Winfield*, 244 U.S. 170, 37 S. Ct. 556, 61 L. Ed. 1057 (1917).

Thus, when the Federal Employers' Liability Act applies to a railroad employee's negligence claim, the cause of action against the railroad employer and recovery for negligent injury to a railroad employee are exclusively controlled by the Federal Employers' Liability Act. See, *Second Employers' Liability Cases*, 223 U.S. 1, 32 S. Ct. 169, 56 L. Ed. 327 (1912); *Janelle v. Seaboard Coast Line R. Co.*, 524 F.2d 1259 (5th Cir. 1975); *Geris v. Burlington Northern, Inc., supra.*

## THE STRICKEN ALLEGATIONS

Chapman claims that reversible error occurred as the result of the district court's striking paragraph 9(c) and (e) of the amended petition regarding provision for indemnification against Chapman's bodily injury from a collision between Union Pacific's vehicle and a vehicle driven by an uninsured or underinsured motorist. Chapman does not refer to any federal statute or decision regarding the Federal Employers' Liability Act which supports Chapman's contention that a railroad

employer's failure to provide uninsured or underinsured motorist protection for the railroad's vehicle, used in interstate commerce activity, renders the vehicle an "unsafe workplace" or "defective" as a basis for a claim under the act. We are unable to locate any federal statute or decision whereby uninsured or underinsured motorist indemnificatory protection is required for a railroad's vehicle under federal law.

The statutory law of Iowa and Nebraska, the states in which Chapman drove the Union Pacific vehicle, does not require uninsured or underinsured motorist coverage whether the owner is self-insured or not. See, Iowa Code Ann. § 516A.1 (West 1988) (uninsured and underinsured motorist coverage optional); Neb. Rev. Stat. §§ 60-509.01 and 60-577 (Reissue 1988) (uninsured and underinsured motorist coverage optional).

As noted, under the statutory law of Iowa and Nebraska, there is no requirement that a vehicle operated within either state must be covered by indemnificatory protection against an uninsured or underinsured motorist. Hence, Union Pacific was under no statutory duty to provide indemnification against an uninsured or underinsured motorist in collision with its vehicles. As Chapman's self-insured employer and owner of the vehicle in question, Union Pacific had the option to provide uninsured and underinsured protection on its vehicles, but made no such provision. Even if some nonstatutory duty were fashioned, to complete the allegation of causation for actionable negligence, namely, the railroad's legal obligation to inform Chapman concerning the absence of uninsured or underinsured motorist protection on its vehicle, Chapman had to plead, under principles for pleading a negligence case in Nebraska, that if the railroad had informed him about the absence of such protection, he would have obtained uninsured or underinsured motorist insurance coverage for the Union Pacific vehicle. See *State Auto. & Cas. Underwriters v. Farmers Ins. Exchange*, 204 Neb. 414, 282 N.W.2d 601 (1979). Cf. *Reynolds v. Atlantic Coast Line*, 336 U.S. 207, 69 S. Ct. 507, 93 L. Ed. 618 (1949) (complaint must allege proximate cause). Consequently, by itself, absence of uninsured or underinsured indemnificatory protection on Union Pacific's vehicle has no

bearing on Chapman's negligence action against the railroad. On the one hand, if the insurance coverages were unavailable to an employee concerning an employer-owned vehicle in Chapman's case, then the alleged absence of uninsured or underinsured motorist protection is irrelevant to a negligence action under the circumstances. On the other hand, if the insurance coverages were available, Chapman failed to allege that on the railroad's notice that the vehicle in question was not protected by indemnification against damages from an uninsured or underinsured motorist, he could have obtained the insurance coverage, a sequence of events necessary to complete causation for actionable negligence. Without that complete and necessary allegation about Chapman's ability to obtain insurance coverage to protect against an uninsured and underinsured motorist, protection which Union Pacific did not supply, Chapman's allegations about nonexistence of uninsured or underinsured motorist protection for Union Pacific's vehicle was irrelevant to a negligence action. For that reason, any allegation that Union Pacific failed to provide uninsured and underinsured protection or notify Chapman regarding the absence of such protection is irrelevant to the negligence action. Therefore, the district court properly struck paragraph 9(c) and (e).

## DISMISSAL OF DIVISION II

Next, Chapman contends that the district court erred by dismissing the cause of action asserted in Division II of Chapman's amended petition.

" 'In reviewing an order sustaining a demurrer, the Supreme Court accepts the truth of facts well pled and the factual and legal inferences which may be reasonably deduced from such facts, but does not accept conclusions of the pleader.' " *Security Inv. Co. v. State*, 231 Neb. 536, 538, 437 N.W.2d 439, 442 (1989).

When ruling on a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make

factual findings to aid the pleading, or consider evidence which might be adduced at trial.

*Schuyler State Bank v. Cech,* 228 Neb. 588, 593, 423 N.W.2d 464, 468 (1988). Accord *Parrett v. Platte Valley State Bank,* 236 Neb. 139, 459 N.W.2d 371 (1990).

From Chapman's allegations in Division II of his amended petition, we assume that the vehicle which collided with Union Pacific's vehicle was either uninsured for negligently caused personal injury to another person or, if covered by liability insurance concerning personal injury to another, the insurance coverage was insufficient to indemnify Chapman's loss.

As we construe the cause of action asserted in Division II of the amended petition, Chapman sought a recovery for his damages caused by Union Pacific's alleged common-law negligence in failing to inform Chapman that the railroad had not provided any indemnity protection against an uninsured or underinsured motorist who might negligently operate a vehicle in collision with the railroad's vehicle driven by Chapman. However, according to Chapman's allegations for the cause of action asserted in Division II, any of Union Pacific's negligence was occasioned by the railroad's and Chapman's conduct in the course of interstate commerce. Since the Federal Employers' Liability Act preempts state law concerning an employee's negligence claim against the railroad employer, the cause of action asserted in Division II of Chapman's amended petition is exclusively controlled by the Federal Employers' Liability Act and, therefore, is not a cause of action determined or disposed by state law concerning an action based on common-law negligence. See § 25-806(1) (lack of subject matter jurisdiction). Thus, Chapman's alleged facts for the cause of action asserted in Division II of his amended petition failed to state a cause of action based on negligence determined by state law because there was no allegation that all alleged negligent conduct occurred in intrastate commerce. See § 25-806(6). Consequently, the district court correctly dismissed the common-law cause of action asserted by Chapman in Division II of his amended petition. Chapman's second assignment of error is without merit.

## DIRECTED VERDICT

Chapman claims that there was evidence to establish a cause-and-effect relationship between Chapman's injuries and the lack of an appropriate seatbelt with shoulder harness and suitable headrest for the driver of Union Pacific's vehicle, and contends that the district court improperly excluded testimony of Chapman's expert witness, George F. Lynch, an accident reconstructionist, who sought to testify about feasibility of proper seatbelt and headrest devices. Therefore, according to Chapman, the district court erred in directing a verdict against Chapman on the issue of causation for Chapman's injury sustained in the motor vehicle accident.

An action brought under the Federal Employers' Liability Act must be submitted to a jury if the jury could reasonably find that "employer negligence played any part, even the slightest, in producing the injury . . . for which damages are sought." *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506, 77 S. Ct. 443, 1 L. Ed. 2d 493 (1957). Therefore, "the role of the jury is significantly greater in . . . FELA cases than in common law negligence actions. The right of a jury to pass upon a question of fault and causation must be most liberally viewed." *Johannessen v. Gulf Trading & Transp. Co.*, 633 F.2d 653, 656 (2d Cir. 1980).

To recover under the Federal Employers' Liability Act, an employee must prove the employer's negligence and that the alleged negligence is a proximate cause of the employee's injury. In a case under the Federal Employers' Liability Act, a court cannot allow a jury to speculate concerning the cause of an employee's injuries and must withhold or withdraw the employee's case from the jury unless evidence provides a basis for the reasonable inference that the employee's injury was caused by the employer's negligence. *A., T. & S. F. Ry. Co. v. Toops*, 281 U.S. 351, 50 S. Ct. 281, 74 L. Ed. 896 (1930). Cf. *Zeller v. County of Howard*, 227 Neb. 667, 671, 419 N.W.2d 654, 657 (1988): "To prevail in an action based on negligence, a plaintiff must prove four essential elements: the defendant's duty not to injure the plaintiff, a breach of that duty, proximate causation, and damages." See, also, *Rahmig v. Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987). " 'Expert

evidence is often required to establish the causal connection between the accident and some item of physical or mental injury unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.' " *Moody v. Maine Cent. R. Co.*, 823 F.2d 693, 695-96 (1st Cir. 1987) (quoting 4 F. Harper, F. James & O. Gray, The Law of Torts § 20.2 (2d ed. 1986)). Cf. *Mendoza v. Omaha Meat Processors*, 225 Neb. 771, 785, 408 N.W.2d 280, 289 (1987):

> Unless the character of an injury is objective, that is, an injury's nature and effect are plainly apparent, an injury is a subjective condition, requiring an opinion by an expert to establish the causal relationship between an incident and the injury as well as any claimed disability consequent to such injury.

Accord *Fees v. Rivett Lumber Co.*, 228 Neb. 617, 423 N.W.2d 483 (1988).

We bear in mind that Chapman alleged very specific negligence of Union Pacific in reference to its vehicular equipment, namely, lack of a proper seatbelt and headrest. In the histories given by Chapman to his two physicians who testified for him, and in the background for the medical opinions expressed in Chapman's trial, there is no reference to a seatbelt or headrest. Neither physician, testifying for Chapman, causally related Chapman's injury and the seatbelt or headrest questions raised by Chapman.

Dr. Patrick Bowman testified that "there is a relationship between [Chapman's] symptoms . . . and the accident of 6 December 1985." Dr. Charles Pigneri testified that "a great portion of [Chapman's] low back pain and his symptoms were as a direct result of the accident occurring on 12-6-85."

Chapman's action is not against the driver whose car struck the rear end of the Union Pacific van driven by Chapman. Whether the medical testimony for Chapman would be sufficient to submit the causation issue to a jury in a negligence action against the other driver is immaterial. Rather, while Chapman does not allege that Union Pacific caused the collision, he does allege that Union Pacific negligently failed to equip its vehicle with certain devices which would have

prevented or reduced Chapman's injuries.

Chapman presented no medical testimony which suggests that if Union Pacific's van had had a seatbelt and shoulder-harness arrangement, the belt system would have prevented Chapman's injury or reduced the extent of his injury. Furthermore, there is no medical testimony which indicates that if Union Pacific's vehicle had been equipped with a headrest, that device would have prevented or reduced Chapman's injury. Cf. *Hartel v. Long Island Rail Road Company*, 476 F.2d 462 (2d Cir. 1973), *cert. denied* 414 U.S. 980, 94 S. Ct. 273, 38 L. Ed. 2d 224 (a railroad's failure to install certain protective devices did not, as a matter of law, cause an employee's death, when those devices, if installed, would have been ineffective).

We do not address the question concerning exclusion of Lynch's testimony regarding the seatbelt system and headrest for the Union Pacific van. Even if Lynch had testified about those devices as safety features on the van, Chapman's medical proof presented nothing for the jury on the issues of whether the seatbelt system and absent headrest caused Chapman's injury. Thus, Chapman's evidence failed to establish a prima facie negligence case for submission to the jury. See *Ches. & Ohio Ry. v. Carnahan*, 241 U.S. 241, 36 S. Ct. 594, 60 L. Ed. 979 (1916) (a Federal Employers' Liability Act plaintiff must prove proximate cause). See, also, *Dale v. Thomas Funeral Home, ante* p. 528, 529, 466 N.W.2d 805, 807 (1991): "A 'prima facie case' means that evidence sufficiently establishes elements of a cause of action and, notwithstanding a motion for a directed verdict in a jury trial or a motion to dismiss in a nonjury trial, allows submission of the case to the fact finder for disposition."

Accordingly, we affirm the district court's judgment in Chapman's case.

AFFIRMED.