BEL-GRADE, INC., *et al.*, Plaintiffs-Appellants, v. F. STEVEN ETHERIDGE, Indiv. and as Chief of the Moline Police Department, Defendant-Appellee.

Third District   No. 3—91—0710

Opinion filed April 24, 1992.

Francis Van Hooreweghe, of Van Hooreweghe, Fackel & Thuline, of Moline, for appellants.

Richard M. Batcher and J. Sue Myatt, both of Bozeman, Neighbor, Patton & Noe, of Moline, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiffs, Bel-Grade, Inc., and Terry Buckwalter, brought a defamation action against the defendant, F. Steven Etheridge. The trial court granted the defendant's motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). The plaintiffs appeal.

In their complaint, the plaintiffs alleged Bel-Grade, Inc., was the owner and operator of a restaurant and tavern known as the Bel-Grade. The complaint further alleged that Terry Buckwalter was the sole stockholder and chief operating officer of Bel-Grade, Inc.

The plaintiffs' complaint contained the following allegation:

"3. That on or about the 18th day of April, 1991, as set forth below in the County of Rock Island and State of Illinois, the Defendant, in the presence and hearing of third persons, spoke

of and concerning the Plaintiffs the following false, defamatory and slanderous words:

A. That the 'said Bel-Grade was and had been suspected as a place where illegal activities were conducted,' as set forth in the Quad City Times and Daily Dispatch."

The complaint alleged the defendant meant by the statement to convey to persons hearing the statement that plaintiffs were violating the law. The complaint asserted the statement was without foundation and wholly false, and that the plaintiffs were injured in their reputation and business.

The defendant filed a motion to dismiss under section 2—615 of the Code contending the complaint failed to state a cause of action. Subsequently, in response to interrogatories responded to by the plaintiffs, the defendant filed a supplemental motion to dismiss under section 2—619 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619).

At the conclusion of a hearing on the motions to dismiss, the trial court granted the motion to dismiss with prejudice based on section 2—615. Specifically, the court found the statement, as it applied to the corporate plaintiff, was not defamatory as a matter of law because it did not "assail the corporation's financial position or business methods or accuse the plaintiff corporation of fraud or mismanagement." Second, the statement was not defamatory as to Terry Buckwalter because the statement made no reference to him. In the alternative, the trial court stated the statement was not actionable as a matter of law under the "innocent construction rule." The trial court did not reach the section 2—619 motion, and therefore, the issues raised therein are not before this court. We are confronted only with the issue of whether the complaint stated a cause of action for defamation *per se*.

On appeal, the plaintiffs contend the statement constituted defamation *per se* and cannot be innocently construed. The plaintiffs assert the statement imputes the commission of criminal offenses by the corporation and Buckwalter.

■ A statement is defamatory *per se* if it is so obviously and naturally harmful to the person aggrieved that proof of injurious character can and is dispensed with. (*Harris Trust & Savings Bank v. Phillips* (1987), 154 Ill. App. 3d 574, 506 N.E.2d 1370.) The defamatory character of the statement must be apparent on its face and extrinsic facts unnecessary. (*Schaffer v. Zekman* (1990), 196 Ill. App. 3d 727, 554 N.E.2d 988.) Words are held to be defamatory *per se* where they impute the commission of a criminal offense. *Harris Trust & Savings Bank v. Phillips* (1987), 154 Ill. App. 3d 574, 506 N.E.2d 1370.

A motion to dismiss admits all well-pleaded facts and reasonable inferences that can be drawn therefrom. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) The dismissal of a complaint for failure to state a cause of action, including one for defamation, rests within the sound discretion of the trial court. *American International Hospital v. Chicago Tribune Co.* (1985), 136 Ill. App. 3d 1019, 483 N.E.2d 965.

■ We note that allegedly defamatory words must be considered under the innocent construction rule. (*Harris Trust & Savings Bank v. Phillips* (1987), 154 Ill. App. 3d 574, 506 N.E.2d 1370.) Under the rule, a written or oral statement is to be considered in context, with the words and the implications therefrom given their natural and obvious meanings; if, as so construed, the statement may reasonably be innocently interpreted or reasonably be interpreted as referring to someone other than the plaintiff, it cannot be actionable *per se. Chapski v. Copley Press* (1982), 92 Ill. 2d 344, 442 N.E.2d 195.

We find the statement as set forth in the complaint may reasonably be innocently construed. The phrase only says the Bel-Grade was suspected of being a place where illegal activities were conducted. The statement does not accuse either plaintiff of being involved in criminal activity. Additional facts would be required to tie the plaintiffs to any criminal activity allegedly occurring on the premises. In sum, the statement does not constitute defamation *per se*, and the trial court correctly found the plaintiffs had failed to state a cause of action.

Therefore, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

SLATER and HAASE, JJ., concur.