ALLEN DAWSON, Plaintiff-Appellant, v. ELGIN, JOLIET AND EASTERN RAILWAY COMPANY, Defendant-Appellee.

Third District    No. 3—94—0004

Opinion filed September 22, 1994.

Laird M. Ozmon and Douglas J. Simpson, both of Laird M. Ozmon, Ltd., of Joliet (James P. Stevenson, of counsel), for appellant.

George W. Gessler and Eric A. Berg, both of Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., of Chicago (William P. Jones, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Allen Dawson, filed a complaint against his employer, the defendant Elgin, Joliet & Eastern Railway Company. Plaintiff alleged the defendant acted negligently under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.* (1990), by failing to advise him of the lack of uninsurance/underinsurance coverage on his company car. The defendant filed a motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1992)) alleging the complaint failed to state a cause of action. The circuit court of Will County granted the motion and allowed the plaintiff to file an amended complaint. The plaintiff did so and the defendant filed another motion to dismiss which the court again granted. The plaintiff appeals. We affirm.

In his amended complaint the plaintiff alleged that on March 2, 1991, while driving his company car, he was involved in an automobile

collision with another vehicle. The complaint also alleged the policy limit of the other driver was tendered to the plaintiff but failed to fully compensate him for all his injuries. The defendant did not have uninsurance/underinsurance coverage for the plaintiff's company car. Consequently, the plaintiff filed this action.

FELA preempts State law and establishes its own uniform standards over railroad employees' claims for negligence against their employers. (*Dice v. Akron, Canton & Youngstown R.R. Co.* (1952), 342 U.S. 359, 96 L. Ed. 398, 72 S. Ct. 312.) However, State courts may use their own procedural rules in actions brought under FELA unless the statute directs otherwise. (*St. Louis Southwestern Ry. Co. v. Dickerson* (1985), 470 U.S. 409, 84 L. Ed. 2d 303, 105 S. Ct. 1347.) There is no mention of motions to dismiss in FELA; consequently, we look to Illinois law for this procedural matter.

In Illinois, a motion to dismiss attacks the legal sufficiency of a complaint, not its factual sufficiency. (*Interway, Inc. v. Alagna* (1980), 85 Ill. App. 3d 1094, 407 N.E.2d 615.) All well-pleaded facts are accepted as true. (*Bel-Grade, Inc. v. Etheridge* (1992), 229 Ill. App. 3d 624, 593 N.E.2d 91.) The standard of review on appeal from a motion to dismiss is whether the complaint sufficiently states a cause of action; we do not consider the merits of the claim. (*Commerce Bank, N.A. v. Plotkin* (1994), 255 Ill. App. 3d 870, 627 N.E.2d 746.) To sufficiently state a cause of action, a complaint must set forth a legally recognized claim and plead facts which bring the claim within the cause of action. (*Betts v. Crawshaw* (1993), 248 Ill. App. 3d 735, 618 N.E.2d 1262.) We agree with the trial court's order granting the defendant's motion to dismiss.

In order to state a cause of action under FELA, an employee must show that he was injured within the scope of his employment, that his employment was in furtherance of the railroad's commerce in interstate transportation, that his employer was negligent and that this negligence played a part in causing the injury. (*Williams v. Southern Pacific Transportation Co.* (S.D. Miss. 1992), 813 F. Supp. 1227.) FELA does not make employers the insurers of their employees. (*Inman v. Baltimore & Ohio R.R. Co.* (1959), 361 U.S. 138, 4 L. Ed. 2d 198, 80 S. Ct. 242.) Rather, an injured employee must prove his employer acted negligently in some way. (*Jordan v. Southern Ry. Co.* (4th Cir. 1992), 970 F.2d 1350.) Determining which actions constitute negligence is a Federal question. (*Urie v. Thompson* (1949), 337 U.S. 163, 93 L. Ed. 1282, 69 S. Ct. 1018.) However, where FELA is silent on a particular matter, then the common law is used to aid our inquiry. *Consolidated R. Corp. v. Gottshall* (1994), 512 U.S. 532, 129 L. Ed. 2d 427, 114 S. Ct. 2396.

■ We agree with the circuit court's ruling. FELA is a broad remedial statute enacted by Congress to prevent injury and protect the safety of railway employees. (*Jamison v. Encarnacion* (1930), 281 U.S. 635, 74 L. Ed. 1082, 50 S. Ct. 440.) However, neither FELA, nor any other Federal statute or decision requires railroad employers to notify their employees about the lack of uninsurance/underinsurance coverage on company vehicles. Likewise, we have failed to find any similar duty created through our common law. In fact, we have found only one other court which has addressed this issue and it has dismissed it as well. (See *Chapman v. Union Pacific R.R.* (1991), 237 Neb. 617, 467 N.W.2d 388.) In *Chapman*, the supreme court of Nebraska was also confronted by a plaintiff who sued his railroad employer under FELA for failing to advise him of the lack of uninsurance/underinsurance coverage on his company vehicle. The court held that neither Federal nor State law required the employer to provide indemnificatory insurance for his employees. Consequently, in the absence of such a statutory or common law duty, the plaintiff had no recognizable claim. We find this reasoning persuasive and, therefore, also decline to interpret FELA as requiring such a disclosure.

The plaintiff argues the public policy of Illinois supports the imposition of this duty on railroad employers. He relies on section 143a(2) of the Illinois Insurance Code (Code) (215 ILCS 5/143a(2) (West 1992)) to find this duty. We disagree. While it is true that section 143a(2) of the Code mandates the offer of uninsurance/underinsurance coverage to an insured by an insurer, we do not believe it creates a similar duty for railroad employers under FELA.

■ Moreover, we do not believe it is a breach of duty when an employer fails to carry such insurance. The Code does not require an insured to purchase uninsured/underinsured coverage. Rather, it only requires uninsurance/underinsurance availability to an insured. (*Orr v. Illinois Farmers Insurance Co.* (1991), 210 Ill. App. 3d 1015, 569 N.E.2d 619.) In this case the defendant merely chose not to carry such insurance.

■ Finally, we fail to see how the defendant's failure to advise plaintiff of the lack of uninsurance/underinsurance played any part in causing the plaintiff's injury. Under FELA, a plaintiff must show a causal connection between the injuries received and the negligence of the employer. (*Bissett v. Burlington Northern R.R. Co.* (8th Cir. 1992), 969 F.2d 727.) As long as the negligence played any part in injury, then the causation element is satisfied. (*Beeber v. Norfolk Southern Corp.* (N.D. Ind. 1990), 754 F. Supp. 1364.) Thus, we realize FELA has a less stringent standard for interpreting causation than do normal

tort theories. (*Hines v. Consolidated R. Corp.* (3d Cir. 1991), 926 F.2d 262.) However, there still must be some causal connection between the injury and the negligence. In this case, the plaintiff's injuries resulted from his collision with another motorist. They did not arise from the absence, or nondisclosure of the lack, of uninsurance/underinsurance. We therefore conclude the circuit court correctly determined that the plaintiff failed to state a cause of action under FELA.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SLATER, P.J., and BARRY, J., concur.