GENE R. LEWIS, Plaintiff-Appellee, v. NORFOLK AND WESTERN RAILWAY COMPANY, Defendant-Appellant.

Fifth District    No. 5—94—0216

━━━━━

Opinion filed March 8, 1995.

Thomas W. Alvey, Jr., Kurt E. Reitz, and Mary Sue Juen, all of Thompson & Mitchell, of Belleville, for appellant.

Steven G. Bailey, of Callis, Papa, Hale, Jensen, Jackstadt, Bailey & Halloran, of Granite City, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiff, Gene R. Lewis, filed a complaint pursuant to section 51 of the Federal Employer's Liability Act (45 U.S.C. § 51 *et seq.* (1988)) (FELA) against defendant, Norfolk and Western Railway Company, for injuries he sustained in an automobile accident while driving one of defendant's vehicles on a public highway. The automobile accident involved a third-party defendant, James Nathan Ormsby (Ormsby). Plaintiff also included a negligence count against Ormsby in his complaint, and he subsequently obtained a default judgment against Ormsby. That order is not part of this appeal.

In his complaint, which was subsequently amended, plaintiff al-

leged that defendant was negligent under FELA in that it generally failed to provide him with a safe place to work, that it failed to provide him with a safe place to work because defendant failed to obtain uninsured/underinsured motorist coverage on its vehicle, and that defendant failed to provide him with a safe place to work because it failed to notify plaintiff of the lack of uninsured/underinsured motorist coverage. Defendant filed a motion to dismiss or, alternatively, a motion for summary judgment. Attached to defendant's motion was an affidavit of an employee of defendant, in which it was asserted that defendant had uninsured/underinsured motorist coverage in the amount of $25,000 that was in effect at the time of plaintiff's accident. Also attached to defendant's memorandum of law in support of its motions was a portion of plaintiff's discovery deposition, in which plaintiff testified that there was nothing physically wrong with defendant's vehicle which he was driving (it was a relatively new vehicle), that he had no trouble with the vehicle's handling or operation, and that there was nothing about the condition of defendant's vehicle that had anything to do with the cause of the accident. The plaintiff also testified in his deposition that Ormsby was 100% responsible for the accident. The court denied defendant's motions and, in its order, certified three questions for an interlocutory appeal pursuant to Supreme Court Rule 308(a). (134 Ill. 2d R. 308(a).) Defendant made application for leave to appeal to this court, which was granted.

The three questions certified by the trial court for interlocutory appeal are as follows:

"(a) Whether the defendant, Norfolk and Western Railway Company, may be held liable under the F.E.L.A. for failure to provide plaintiff with a reasonably safe place to work when the undisputed testimony in the case is that the railroad was not at fault and the driver/co-defendant of the vehicle which struck plaintiff's vehicle was 100% at fault.

(b) Whether the defendant, Norfolk and Western Railway Company, may be held liable under the Federal Employer's Liability Act for a claimed failure to provide uninsured or underinsured motorist protection for a railroad's vehicle when such insurance was provided (in the amount of $25,000) and tendered to plaintiff.

(c) Whether the applicable statute of limitations (Title 45 U.S.C. [§]56) bars plaintiff's claim regarding uninsured motorist coverage as a matter of law when the accident out of which plaintiff's original claim arose occurred on September 26, 1989 and plaintiff's amended complaint first raising the issue of 'uninsured motorist coverage' was not filed until September 28, 1992, over three years later."

Briefly, the facts forming the basis for plaintiff's complaint are as follows: On September 26, 1989, while driving defendant's vehicle back to the railroad yard, after having taken other railroad employees to the railroad's ramp in Venice, Illinois, plaintiff had an automobile accident with Ormsby. Ormsby, who was driving his car in the opposite direction of plaintiff, came into plaintiff's lane of traffic. Plaintiff went into Ormsby's lane of traffic in an attempt to avoid a head-on collision with Ormsby; however, Ormsby's vehicle glanced off of the rear passenger side of defendant's vehicle. Plaintiff then filed the instant complaint against defendant and Ormsby for damages for the injuries he sustained in this accident.

Initially, we note that the answers to the first two questions certified by the court to this court are fairly obvious. Generally, the Federal statute applicable states in pertinent part as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States *** shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, *** for such injury *** resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." (45 U.S.C. § 51 (1988).)

A vehicle owned by the railroad has been considered to be "other equipment" under the FELA statute, thereby allowing actions under the Federal law. *Chapman v. Union Pacific R.R.* (1991), 237 Neb. 617, 467 N.W.2d 388.

■ The applicable case law has also held that, in order for an employee to succeed in an action under FELA against a common carrier, he must allege and prove that the defendant was at least slightly negligent and that he had resulting injuries from this negligence. (*Gonet v. Chicago & North Western Transportation Co.* (1990), 195 Ill. App. 3d 766, 552 N.E.2d 1224.) Although an employer will be liable for an employee's injuries resulting from conditions under the employer's control, it will not be liable for failing to provide a safe place to work if there is no showing that the carrier is guilty of negligence. (*Gonet*, 195 Ill. App. 3d 766, 552 N.E.2d 1224.) Under FELA, a railroad is not made an absolute insurer against injuries suffered by its employees, and the railroad's liability must arise from the employer's negligence based upon substantial evidence in the record. *Gonet*, 195 Ill. App. 3d 766, 552 N.E.2d 1224.

■ Thus, it is clear that, if defendant was not negligent and Ormsby was 100% negligent, and if it was Ormsby's negligence which

caused plaintiff's injuries, defendant cannot be held liable for plaintiff's injuries under FELA without some negligence being attributable to defendant. Therefore, the answer to the first question certified is no, defendant is not liable for Ormsby's negligence.

■ The answer to the second question certified by the trial court, whether defendant can be held liable under FELA for failing to provide uninsured/underinsured motorist coverage, is also no. Here, the affidavit of defendant's employee established that defendant had provided this type of insurance, so there is no evidence to show that defendant failed to provide this coverage.

Further, under the recent case of *Dawson v. Elgin, Joliet & Eastern Ry. Co.* (1994), 266 Ill. App. 3d 329, 640 N.E.2d 661, a case factually similar to the case *sub judice*, it was held that there is no liability under FELA for a railroad's failure to provide uninsured/underinsured insurance coverage or to notify a plaintiff of the lack of such coverage. The court in *Dawson* found that there was no duty to provide such coverage or to notify plaintiff of the lack of coverage; therefore, there was no negligence. Further, the court in *Dawson* also found that the plaintiff's injuries were not proximately caused by the railroad's failure to provide insurance coverage. That is true in the instant case, and we find the reasoning of the *Dawson* court persuasive on this issue.

■ Given our decision on the second certified question, it is unnecessary to consider the third question certified by the trial court. If the defendant cannot be held liable under FELA for failing to provide uninsured or underinsured motorist protection, it becomes unnecessary for this court to answer the question of whether the statute of limitations bars plaintiff's claim as to uninsured motorist coverage.

■ Lastly, we note that in addition to the parties' argument in their briefs about the trial court's certified questions, they also argue about the court's failure to grant summary judgment. This court is restricted in its review of Rule 308 appeals to the questions certified. *McCarthy v. La Salle National Bank & Trust Co.* (1992), 230 Ill. App. 3d 628, 595 N.E.2d 149.

Questions answered; cause remanded for further proceedings.

MAAG, P.J., and CHAPMAN, J., concur.