**John A. GRAVES, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD, a corporation, Defendant.**

**No. CS–96–0238–LRS.**

United States District Court, E.D. Washington.

July 8, 1997.

Frederick A. Bremseth, Doshan & Bremseth, Wayzata, MN, for Plaintiff.

Rexanne Gibson, Kroschel & Gibson, Bellevue, WA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SUKO, United States Magistrate Judge.

Before the court is defendant's Motion for Summary Judgment. Upon hearing with oral argument, plaintiff was represented by Frederick Bremseth, Minnesota. Defendant was represented by Rexanne Gibson, Kroschel & Gibson, Bellevue, Washington. For the reasons set forth below, the court **GRANTS** defendant's motion.

Plaintiff filed this suit under the Federal Employers' Liability Act (FELA), claiming that defendant Burlington Northern Railroad's negligence caused him to suffer damages as a result of an automobile accident. Specifically, plaintiff claims that defendant caused his damages by negligently failing to obtain uninsured and underinsured motorist insurance coverage for company vehicles. Defendant moves this court for an order granting its motion for summary judgment. Defendant argues that, as a matter of law, plaintiff cannot show defendant committed a negligent act or a causal connection between defendant's alleged negligent acts and his injury.

### UNDISPUTED FACTS [1]

On March 27, 1994, plaintiff John Graves was employed by defendant as a clerk. Plaintiff's duties included driving a train crew from Spokane to Pasco. On that same date, plaintiff was driving a large nine-to-twelve passenger van owned by defendant from Spokane to Pasco. Plaintiff was famil-

---

1. The facts are taken from plaintiff's and defendant's LR 56.1 Specific Statements of Fact.

iar with the vehicle and had driven it on previous occasions. Prior to leaving Spokane, Graves performed a routine inspection of the lights, brakes, and other equipment to verify the absence of any defects. The van appeared to be in working order and plaintiff discovered no defects. As plaintiff left the parking lot of the Spokane depot, he turned on the headlights. The van was equipped with a shoulder harness and lap seat belt which plaintiff had buckled.

After leaving the Spokane depot, plaintiff drove south on Havana in Spokane. As he approached the intersection of Havana and Sprague, a vehicle driven by Frank Landeros was approaching the intersection on Sprague from the east. Plaintiff had the green light and entered the intersection. At that moment, a passenger in the van said, "He's not going to stop." Plaintiff turned his head to the left and saw a speeding vehicle rapidly approaching. The vehicles collided, although plaintiff was able to pull the steering wheel to the right and avoid a direct broadside impact.

After the accident, plaintiff rode in the same ambulance as Landeros, the driver of the other vehicle. According to plaintiff, Landeros "was a mess; he was intoxicated and he was all cut up. He didn't even know what happened. He never even hit the brakes." Landeros, who was uninsured, was arrested for driving while intoxicated.

Following the accident, plaintiff completed a personal injury report and stated that there were no defects on the van that contributed to the accident. During the remainder of 1994 and 1995, plaintiff intermittently missed work due to injuries sustained in the collision. During these time periods, he was on the wage continuation program, and his medical care was paid by medical insurance provided by his employer. Currently, plaintiff is working full time.

Defendant does not carry uninsured or underinsured motorist insurance on any of its company vehicles. Washington law does not require companies to purchase such insurance.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Zweig v. Hearst Corp.*, 521 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). Under Rule 56, a party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985). Summary judgment is precluded if there exists a genuine dispute over a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

The moving party has the initial burden to prove that no genuine issue of material fact exists. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 at 322–23, 106 S.Ct. at 2552–53.

In this case, the parties do not dispute the material facts regarding the circumstances surrounding plaintiff's injuries and the actions of defendant. Rather, the issue is one of law: whether plaintiff may sustain a negligence action under FELA based solely on defendant's failure to obtain underinsured motorist insurance.

## DISCUSSION

Plaintiff maintains that the broad remedial purpose of the FELA should be construed to include a duty to fully protect railroad employees in company vehicles against uninsured and underinsured third-party drivers. Plaintiff argues that duty under the FELA is established when a railroad company knows or should know of a potential hazard to its employees, and that a railroad breaches its duty when its fails to exercise reasonable care in protecting its employees from such hazards. Plaintiff contends that defendant knew that its employees were involved in automobile accidents—possibly with uninsured motorists—and therefore had a duty to protect its employees from such "hazards." Thus, plaintiff argues that whether defendant's failure to carry insurance to protect against uninsured and underinsured motorist constitutes a breach of its duty creates a genuine issue of material fact. Finally, plaintiff claims that defendant's failure to obtain adequate insurance caused plaintiff's damages in that he was not able to seek full compensation for his injuries.

Not surprisingly, defendant argues against such a liberal construction of the FELA, noting that no caselaw supports plaintiff's construction of the Act. Further, defendant claims that plaintiff has not set forth facts supporting a causal connection between defendant's alleged negligence and plaintiff's injuries. Finally, defendant maintains that even if such causal connection existed, defendant has no duty to provide uninsured or underinsured motorist insurance coverage.

The FELA provides in relevant part:

Every common carrier by railroad while engaged in commerce between any of the several States ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.

45 U.S.C. § 51. According to this language, courts have identified the following elements of a FELA claim: 1) the defendant is a common carrier by railroad engaged in interstate commerce; 2) the injured was employed by the defendant with duties furthering such commerce; 3) the injuries were sustained while the claimant was so employed; and 4) the injuries were the result of the defendant's negligence. *Lowery v. Illinois Central Gulf Railroad Company,* 891 F.2d 1187, 1190–91 (5th Cir.1990); *see also, Rogers v. Missouri Pacific Railroad Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

Courts have construed the FELA liberally, ruling that "the jury should determine liability so long as the evidence justified with reason, the conclusion that employer negligence played any part, even the slightest, in producing the injury." *Claar v. Burlington Northern Railroad,* 29 F.3d 499, 503 (9th Cir.1994), (citing *Rogers,* 352 U.S. at 507, 77 S.Ct. at 448–49). The FELA departure from common law principles of liability "was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety." *Sinkler v. Missouri Pacific Railroad,* 356 U.S. 326, 329, 78 S.Ct. 758, 762, 2 L.Ed.2d 799 (1958). However, "FELA plaintiffs still must demonstrate some causal connection between a defendant's negligence and their injuries." *Claar,* 29 F.3d at 503.

Notwithstanding the broad interpretation of FELA, plaintiff offers no caselaw from which the court could infer support for creating a duty whereby a railroad company must provide uninsured or underinsured motorist insurance coverage or inform employees that it does not carry such insurance. Plainly, such a duty does not exist under the current state of the law. First, Washington law does not require defendant to provide this type of insurance. Additionally, two state courts have held that the failure to obtain such insurance does not provide a basis for liability under the FELA. *Chapman v. Union Pacific Railroad,* 237 Neb. 617, 467 N.W.2d 388, 393–94 (1991); *Dawson v. Elgin, Joliet & Eastern Railway Co.,* 266 Ill.App.3d 329, 203 Ill.Dec. 741, 743–44, 640 N.E.2d 661, 663–

64 (1994); *see also Lewis v. Norfolk and Western Railway Co.*, 269 Ill.App.3d 483, 207 Ill.Dec. 291, 294, 646 N.E.2d 1378, 1381 (1995).

■ Although decided by state courts, the foregoing decisions are persuasive as state courts are required to apply federal law when interpreting the FELA. *St. Louis Southwestern Railway Co. v. Dickerson*, 470 U.S. 409, 411, 105 S.Ct. 1347, 1348, 84 L.Ed.2d 303 (1985). Therefore, defendant has no duty to provide uninsured or underinsured motorist insurance or inform its employees about the lack of such insurance. Where there is no duty, there is no negligence.

Furthermore, contrary to plaintiff's assertion, the broad purpose of the FELA does not support plaintiff's liberal construction of the Act. The FELA was enacted to protect railroad workers from the inherent hazards in working for railroads, finding that the "cost of human injury, an inescapable expense of railroading, must be borne by someone," and under equitable principles, that expense is borne by the carrier. This rationale is quite sound as employers are in a better position to protect against hazardous situations than employees. However, the circumstances surrounding plaintiff's injuries are not the type of "inherent" hazards present in railroading. Indeed, plaintiff could have sustained the same injuries if he was employed by a delivery service or floral shop rather than a railroad. Therefore, the FELA's broad remedial purpose would not be furthered by a judicial creation of a duty that was not envisioned when Congress discarded the common law principles of liability when enacting the FELA.

■ Finally, even if the court were to fashion a duty to provide insurance, plaintiff cannot show that defendant's lack of insurance in any way *caused* his injuries, an essential element of a FELA claim. *Claar*, 29 F.3d at 503. It is undisputed that defendant in no way caused or contributed to the automobile accident which resulted in injury to plaintiff. Defendant's Statement of Material Fact No. 17. Thus, on the face of plaintiff's claim, defendant cannot be found to have caused plaintiff's injuries. Plaintiff attempts to show the causation element by arguing that the lack of uninsured motorist coverage caused plaintiff's *damages;* i.e., if not for defendant's action in rejecting such insurance, plaintiff would have been afforded another avenue in which to obtain financial compensation for his injuries. However, this argument misconstrues the law relating to causation.

First, according to Ninth Circuit caselaw, plaintiff must show a causal connection between the alleged negligent actions and the *injuries* suffered. *See Claar*, 29 F.3d at 503. According to the undisputed facts, plaintiff was injured in an automobile accident that was *solely* the fault of a third-party, intoxicated driver. Plaintiff does not allege that defendant in any way, shape, or form contributed to the automobile accident. In fact, plaintiff acknowledged that there was nothing defendant could have done to prevent the accident short of giving him a different job assignment so that he would not have been present at the Sprague/Havana intersection.

■ Next, even if "injuries" can be equated with "damages," no causal connection is apparent between the damages suffered by plaintiff and the action of the defendant. As indicated above, plaintiff suffered damages resulting from injuries sustained in an automobile accident *caused solely* by a third-party driver. Plaintiff cites cases wherein courts have found employers liable notwithstanding the fact that the injuries resulted from the criminal acts of a third party. However, in all of those cases, the employer was found to have contributed to the plaintiff's injuries by failing to maintain a safe workplace. *See Gallose v. Long Island Railway Co.*, 878 F.2d 80 (2d Cir.1989); *Schneider v. National Railroad Passenger Corp.*, 854 F.2d 14 (2d Cir.1988); *Burns v. Penn Central Co.*, 519 F.2d 512 (2d Cir.1975). In this case, the lack of insurance did not contribute to the occurrence of plaintiff's injuries or damages; even if defendant had obtained underinsured motorist insurance, plaintiff would have still suffered injuries and the resulting damages. The fact that an alternative form of recovery is not available does not render defendant liable. Indeed, FELA

does not transform employers into insurers. Therefore, plaintiff cannot show a causal connection between defendant's alleged negligent act and his injuries.

## CONCLUSION

Essentially, plaintiff is asking that this court create a duty under FELA requiring railroads to provide uninsured and underinsured motorist coverage. Such a duty is not supported by statute, caselaw, or the purpose of the FELA. Moreover, even if such a duty existed, plaintiff fails to show that lack of insurance caused his injuries. Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's complaint is **HEREBY DISMISSED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and an Order of Judgment and forward copies to counsel.