VICKI ANN COATS, Indiv. and as Adm'r of the Estate of Robert D. Coats, Plaintiff-Appellee, v. THE HERTZ CORPORATION, Defendant-Appellant (Ronald C. Wills *et al.*, Defendants).

Fifth District   No. 5—97—0441

Opinion filed May 20, 1998.

698

Michael F. Dahlen, John C. Ryan, and Kara L. Jones, all of Feirich/Mager/Green/Ryan, of Carbondale, for appellant.

Womick & Associates, Chartered, of Carbondale, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

On October 19, 1993, Roberts Coats burned to death in the backseat of a car that had been driven into a ditch by the defendant, Ronald Wills. Plaintiff filed suit against Wills, and later, plaintiff filed counts XIII, XIV, and XV of an amended complaint against Hertz Corporation (Hertz), which had leased the car to Wills in New York. Those counts are based on a New York statute that provides:

> "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle *** by any person using or operating the same with the permission *** of such owner." N.Y. Vehicle & Traffic Law § 388 (McKinney 1993).

Hertz filed a motion to dismiss counts XIII, XIV, and XV, and the trial court denied it. The trial court did, however, allow Hertz's motion for a Supreme Court Rule 308 certification (155 Ill. 2d R. 308) of the following question:

> "Whether, under Illinois conflict[-]of[-]law doctrine, New York Vehicle and Traffic Law Section 388, which holds an owner of a vehicle vicariously liable for the negligence of the driver regardless of his relationship with the owner, should be applied to a vehicle leased in New York and involved in an accident in Illinois, where Illinois law holds that an owner is not liable for the acts of a driver unless agency or negligent entrustment is established."

This court granted Hertz's application for leave to appeal. We review only the question certified (*Lewis v. Norfolk & Western Ry. Co.*, 269 Ill. App. 3d 483, 646 N.E.2d 1378 (1995)), and our standard of review is *de novo* (*S.B. Lexington, Inc. v. Near North Insurance Agency, Inc.*, 244 Ill. App. 3d 1023, 614 N.E.2d 234 (1993)).

■ In 1970 the Illinois Supreme Court rejected the *lex loci delicti*

doctrine and adopted the most-significant-relationship test for deciding which state's law to apply. *Ingersoll v. Klein,* 46 Ill. 2d 42, 262 N.E.2d 593 (1970). The application of the most-significant-relationship test requires a court to consider: (1) the location of the injury, (2) where the injury-causing conduct occurred, (3) the domicile of the parties, and (4) where the relationship of the parties is centered.

■ More recently, the supreme court has indicated that the contacts can also be considered in light of the relevant general principles governing all choice-of-law decisions. *Nelson v. Hix,* 122 Ill. 2d 343, 522 N.E.2d 1214 (1988). Section 6 of the Restatement (Second) of Conflict of Laws furnishes seven general principles:

> "(a) the needs of the interstate and international systems,
> (b) the relevant policies of the forum,
> (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
> (d) the protection of justified expectations,
> (e) the basic policies underlying the particular field of law,
> (f) certainty, predictability and uniformity of result, and
> (g) ease in the determination and application of the law to be applied." Restatement (Second) Conflict of Laws § 6, at 10 (1971).

■ The parties agree that Illinois law does not impose liability on the owner of a vehicle unless agency or negligent entrustment is established. Hertz contends that Illinois law should apply because the most significant contacts in this case are in Illinois. Plaintiff contends that the most significant relationship to be considered *in its claim against Hertz* is the contract which was entered into in New York. It is important to note that it is only the claim against Hertz that involves a conflict-of-laws question, and it is equally important to note that section 145 of the Restatement (Second) of Conflict of Laws provides:

> "(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, *with respect to that issue,* has the most significant relationship to the occurrence and the parties under the principles stated in § 6." (Emphasis added.) Restatement (Second) of Conflict of Laws § 145, at 414 (1971).

For this issue, plaintiff relies upon *Cortes v. Ryder Truck Rental, Inc.,* 220 Ill. App. 3d 632, 581 N.E.2d 1 (1991), which involved strikingly similar circumstances. In *Cortes,* the plaintiff was severely injured when the car in which he was riding was struck from behind by a rented Ryder truck, which was driven by an A&H Trucking Company (A&H) driver. The plaintiff, Cortes, was apparently from Il-

linois, the collision occurred in Indiana, and the rental agreement between Ryder and A&H was executed in Wisconsin. A Wisconsin statute provided:

"(1) No person may for compensation rent any motor vehicle to be operated by or with the consent of the person renting the vehicle unless there is filed with the department a good and sufficient bond or policy of insurance ***. ***

(2) Any person failing to comply with this section is directly liable for all damages caused by the negligence of the person operating such rental vehicle ***." Wis. Stat. § 344.51 (1985).

After a jury verdict of approximately $15 million for the plaintiff against A&H, and a finding for Ryder on an agency basis, the trial court granted summary judgment for the plaintiff against Ryder for $15 million less the $750,000 insurance coverage of A&H. The judgment against Ryder was based solely on the Wisconsin statute.

In addressing the choice-of-law question, the *Cortes* court held:

"We initially find that the trial court correctly applied Wisconsin law. Although choice[-]of[-]law principles might indicate that Illinois or Indiana law applied to the tort of negligence committed by A&H, *Ryder's liability was not based on negligence, directly or vicariously. Ryder's liability was based on a public policy to compensate an injured plaintiff. Ryder's liability to Mr. and Mrs. Cortes arose, therefore, through its contractual relationship as lessor to A&H, the negligent lessee. That contractual relationship was created by the rental agreement between Ryder and A&H, executed in Wisconsin.* Clearly, Wisconsin had the most significant contacts to the lease agreement between Ryder and A&H, and the greatest interest in the contractual relationship." (Emphasis added.) *Cortes*, 220 Ill. App. 3d at 638, 581 N.E.2d at 4-5.

The emphasized portions of the quoted language apply equally to this case. Plaintiff's claim against Hertz is not based upon any negligent conduct of Hertz; it is based upon the absolute liability that is imposed upon Hertz, as an owner of a vehicle, by the New York statute.

Hertz attempts to distinguish *Cortes* because the Wisconsin statute imposed financial responsibility on owners of vehicles who entered into *rental* agreements with drivers, while the New York statute makes no reference to any rental agreement. This distinction makes no real difference; both statutes impose financial responsibility on *owners* of vehicles who allow others to drive them. In fact, it would appear that New York is even more interested than Wisconsin in seeing that a remedy is afforded to injured parties, since its statute imposes financial responsibility on *all* owners, not just on those who enter into rental agreements with drivers. This policy is in keeping

with the Illinois Supreme Court's recognition in conflict-of-laws cases of paying special attention to "providing tort remedies to its injured citizens." *Esser v. McIntyre,* 169 Ill. 2d 292, 301, 661 N.E.2d 1138, 1143 (1996).

Therefore, we conclude that the conflict question should be answered affirmatively.

Certified question answered; order affirmed; cause remanded.

WELCH, P.J., and HOPKINS, J., concur.