(Slip Opinion)     OCTOBER TERM, 2006     1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is
being done in connection with this case, at the time the opinion is issued.
The syllabus constitutes no part of the opinion of the Court but has been
prepared by the Reporter of Decisions for the convenience of the reader.
See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## NORFOLK SOUTHERN RAILWAY CO. *v.* SORRELL

CERTIORARI TO THE COURT OF APPEALS OF MISSOURI

No. 05–746.   Argued October 10, 2006—Decided January 10, 2007

Respondent Sorrell was injured while working for the petitioner railroad (Norfolk), and sought damages for his injuries in Missouri state court under the Federal Employers' Liability Act (FELA), which makes a railroad liable for an employee's injuries "resulting in whole or in part from [the railroad's] negligence," Section 1.  FELA reduces any damages awarded to an employee "in proportion to the amount [of negligence] attributable to" the employee, Section 3.  Missouri's jury instructions apply different causation standards to railroad negligence and employee contributory negligence in FELA actions.  An employee will be found contributorily negligent if his negligence "directly contributed to cause" the injury, while railroad negligence is measured by whether the railroad's negligence "contributed in whole or in part" to the injury.  After the trial court overruled Norfolk's objection that the instruction on contributory negligence contained a different standard than the railroad negligence instruction, the jury awarded Sorrell $1.5 million.  The Missouri Court of Appeals affirmed, rejecting Norfolk's contention that the same causation standard should apply to both parties' negligence.

*Held:*

    1. Norfolk's attempt to expand the question presented to encompass *what* the FELA causation standard should be, not simply whether the standard should be the same for railroad negligence and employee contributory negligence, is rejected.  This Court is typically reluctant to permit parties to smuggle additional questions into a case after the grant of certiorari.  Although the Court could consider the question of what standard applies as anterior to the question whether the standards may differ, the substantive content of the causation standard is a significant enough issue that the Court prefers not to address it when it has not been fully presented.  Pp. 4–6.

2. The same causation standard applies to railroad negligence under FELA Section 1 as to employee contributory negligence under Section 3. Absent express language to the contrary, the elements of a FELA claim are determined by reference to the common law, *Urie* v. *Thompson*, 337 U. S. 163, 182, and unless common-law principles are expressly rejected in FELA's text, they are entitled to great weight, *Consolidated Rail Corporation* v. *Gottshall*, 512 U. S. 532, 544. The prevailing common-law view at the time FELA was enacted was that the causation standards for negligence and contributory negligence were the same, and FELA did not expressly depart from this approach. This is strong evidence against Missouri's practice of applying different standards, which is apparently unique among the States. Departing from the common-law practice would in any event have been a peculiar approach for Congress to take in FELA: As a practical matter, it is difficult to reduce damages "in proportion" to the employee's negligence if the relevance of each party's negligence is measured by a different causation standard. The Court thinks it far simpler for a jury to conduct the apportionment FELA mandates if the jury compares like with like. Contrary to Sorrell's argument, the use of the language "in whole or in part" with respect to railroad negligence in FELA Section 1, but not with respect to employee contributory negligence in Section 3, does not justify a departure from the common-law practice of applying a single causation standard. It would have made little sense to include the "in whole or in part" language in Section 3; if the employee's contributory negligence contributed "in whole" to his injury, there would be no recovery against the railroad in the first place. The language made sense in Section 1, however, to clarify that there could be recovery against the railroad even if it were only partially responsible for the injury. In any event, there is no reason to read the statute as a whole to encompass different causation standards, since Section 3 simply does not address causation. Finally, FELA's remedial purpose cannot compensate for the lack of statutory text: FELA does not abrogate the common-law approach. A review of FELA model instructions indicates that there are a variety of ways to instruct a jury to apply the same causation standard to railroad negligence and employee contributory negligence. Missouri has the same flexibility as other jurisdictions in deciding how to do so, so long as it now joins them in applying a single standard. On remand, the Missouri Court of Appeals should address Sorrell's argument that any error in the jury instructions was harmless, and should determine whether a new trial is required. Pp. 6–14.

170 S. W. 3d 35, vacated and remanded.

ROBERTS, C. J., delivered the opinion of the Court, in which STEVENS,

Syllabus

SCALIA, KENNEDY, SOUTER, THOMAS, BREYER, and ALITO, JJ., joined. SOUTER, J., filed a concurring opinion, in which SCALIA and ALITO, JJ., joined. GINSBURG, J., filed an opinion concurring in the judgment.

NOTICE: This opinion is subject to formal revision before publication in the
preliminary print of the United States Reports.  Readers are requested to
notify the Reporter of Decisions, Supreme Court of the United States, Wash-
ington, D. C. 20543, of any typographical or other formal errors, in order
that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 05–746

NORFOLK SOUTHERN RAILWAY COMPANY, PETI-
TIONER *v.* TIMOTHY SORRELL

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS OF
MISSOURI, EASTERN DISTRICT

[January 10, 2007]

CHIEF JUSTICE ROBERTS delivered the opinion of the
Court.

Timothy Sorrell, respondent in this Court, sustained
neck and back injuries while working as a trackman for
petitioner Norfolk Southern Railway Company.  He filed
suit in Missouri state court under the Federal Employers’
Liability Act (FELA), 35 Stat. 65, as amended, 45 U. S. C.
§§51–60, which makes railroads liable to their employees
for injuries “resulting in whole or in part from the negli-
gence” of the railroad, §51.  Contributory negligence is not
a bar to recovery under FELA, but damages are reduced
“in proportion to the amount of negligence attributable to”
the employee, §53.  Sorrell was awarded $1.5 million in
damages by a jury; Norfolk objects that the jury instruc-
tions reflected a more lenient causation standard for
railroad negligence than for employee contributory negli-
gence.  We conclude that the causation standard under
FELA should be the same for both categories of negli-
gence, and accordingly vacate the decision below and
remand for further proceedings.

## I

On November 1, 1999, while working for Norfolk in Indiana, Sorrell was driving a dump truck loaded with asphalt to be used to repair railroad crossings. While he was driving between crossings on a gravel road alongside the tracks, another Norfolk truck approached, driven by fellow employee Keith Woodin. The two men provided very different accounts of what happened next, but somehow Sorrell's truck veered off the road and tipped on its side, injuring him. According to Sorrell's testimony, Woodin forced Sorrell's truck off the road; according to Woodin, Sorrell drove his truck into a ditch.

On June 18, 2002, Sorrell filed suit against Norfolk in Missouri state court under FELA, alleging that Norfolk failed to provide him with a reasonably safe place to work and that its negligence caused his injuries. Norfolk responded that Sorrell's own negligence caused the accident.

Missouri purports to apply different standards of causation to railroad and employee contributory negligence in its approved jury instructions for FELA liability. The instructions direct a jury to find an employee contributorily negligent if the employee was negligent and his negligence "directly contributed to cause" the injury, Mo. Approved Jury Instr., Civ., No. 32.07 (6th ed. 2002), while allowing a finding of railroad negligence if the railroad was negligent and its negligence contributed "in whole or in part" to the injury, *id.*, No. 24.01.[1]

_____

[1] Missouri in the past directed a jury to find a railroad liable if the railroad's negligence "directly resulted in whole or in part in injury to plaintiff." Mo. Approved Jury Instr., Civ., No. 24.01 (1964). This language persisted until 1978, when the instruction was modified to its present version. *Ibid.* (2d ed. 1969, Supp. 1980). The commentary explains that the word "direct" was excised because, under FELA, "the traditional doctrine of proximate (direct) cause is not applicable." *Id.*, No. 24.01, p. 187 (Committee's Comment (1978 new)). Cf. *Leake* v. *Burlington Northern R. Co.*, 892 S. W. 2d 359, 364–365 (Mo. App. 1995).

When Sorrell proposed the Missouri approved instruction for employee contributory negligence, Norfolk objected on the ground that it provided a "different" and "much more exacting" standard for causation than that applicable with respect to the railroad's negligence under the Missouri instructions. App. to Pet. for Cert. 28a–29a. The trial court overruled the objection. App. 9–10. After the jury returned a verdict in favor of Sorrell, Norfolk moved for a new trial, repeating its contention that the different standards were improper because FELA's comparative fault system requires that the same causation standard apply to both categories of negligence. *Id.*, at 20. The trial court denied the motion. The Missouri Court of Appeals affirmed, rejecting Norfolk's contention that "the causation standard should be the same as to the plaintiff and the defendant." App. to Pet. for Cert. 7a, judgt. order reported at 170 S. W. 3d 35 (2005) *(per curiam)*. The court explained that Missouri procedural rules require that where an approved instruction exists, it must be given to the exclusion of other instructions. *Ibid.;* see Mo. Rule Civ. Proc. 70.02(b) (2006).

After the Missouri Supreme Court denied discretionary review, App. to Pet. for Cert. 31a, Norfolk sought certiorari in this Court, asking whether the Missouri courts erred in determining that "the causation standard for employee *contributory negligence* under [FELA] differs from the causation standard for railroad *negligence.*" Pet. for Cert. i. Norfolk stated that Missouri was the only jurisdiction to apply different standards, and that this conflicted with several federal court of appeals decisions insisting on a single standard of causation for both railroad and employee negligence. See, *e.g., Page* v. *St. Louis*

---

The contributory negligence instruction, on the other hand, has remained unchanged. Mo. Approved Jury Instr., Civ., No. 32.07(B) (6th ed. 2002).

*Southwestern R. Co.*, 349 F. 2d 820, 823 (CA5 1965) ("[T]he better rule is one of a single standard"); *Ganotis* v. *New York Central R. Co.*, 342 F. 2d 767, 768–769 (CA6 1965) *(per curiam)* ("We do not believe that [FELA] intended to make a distinction between proximate cause when considered in connection with the carrier's negligence and proximate cause when considered in connection with the employee's contributory negligence"). In response, Sorrell did not dispute that Missouri courts apply "different causation standards . . . to plaintiff's and defendant's negligence in FELA actions: The defendant is subject to a more relaxed causation standard, but the plaintiff is subject only to the traditional common-law standard." Brief in Opposition 2. We granted certiorari. 547 U. S. __ (2006).

In briefing and argument before this Court, Norfolk has attempted to expand the question presented to encompass *what* the standard of causation under FELA should be, not simply whether the standard should be the same for railroad negligence and employee contributory negligence. In particular, Norfolk contends that the proximate cause standard reflected in the Missouri instruction for employee contributory negligence should apply to the railroad's negligence as well.

Sorrell raises both a substantive and procedural objection in response. Substantively, he argues that this Court departed from a proximate cause standard for railroad negligence under FELA in *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500 (1957). There we stated:

> "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.
>
> .          .          .          .          .

"[F]or practical purposes the inquiry in these cases to-day rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." *Id.*, at 506, 508.

Sorrell argues that these passages from *Rogers* have been interpreted to mean that a plaintiff's burden of proof on the question whether the railroad's negligence caused his injury is less onerous than the proximate cause standard prevailing at common law, citing cases such as *Consolidated Rail Corporation* v. *Gottshall*, 512 U. S. 532, 542–543 (1994); *Holbrook* v. *Norfolk Southern R. Co.*, 414 F. 3d 739, 741–742 (CA7 2005); *Hernandez* v. *Trawler Miss Vertie Mae, Inc.*, 187 F. 3d 432, 436 (CA4 1999); and *Summers* v. *Missouri Pacific R. Co.*, 132 F. 3d 599, 606–607 (CA10 1997).

Norfolk counters that *Rogers* did not alter the established common-law rule of proximate cause, but rather simply rejected a flawed and unduly stringent version of the rule, the so-called "sole proximate cause" test. According to Norfolk, while most courts of appeals may have read *Rogers* as Sorrell does, several state supreme courts disagree, see, *e.g., Chapman* v. *Union Pacific R. Co.*, 237 Neb. 617, 626–629, 467 N. W. 2d 388, 395–396 (1991); *Marazzato* v. *Burlington Northern R. Co.*, 249 Mont. 487, 490–491, 817 P. 2d 672, 674 (1991), and "there is a deep conflict of authority on precisely that issue." Reply Brief for Petitioner 20, n. 10.

Sorrell's procedural objection is that we did not grant certiorari to determine the proper standard of causation for railroad negligence under FELA, but rather to decide whether different standards for railroad and employee negligence were permissible under the Act. What is more, Norfolk is not only enlarging the question presented, but taking a position on that enlarged question that is con-

trary to the position it litigated below. In the Missouri courts, Norfolk argued that Missouri applies different standards, and that the less rigorous standard applied to railroad negligence should also apply to employee contributory negligence. Thus, Norfolk did not object below on causation grounds to the railroad liability instruction, but only to the employee contributory negligence instruction. App. 9–10. Now Norfolk wants to argue the opposite—that the disparity in the standards should be resolved by applying the more rigorous contributory negligence standard to the railroad's negligence as well.

We agree with Sorrell that we should stick to the question on which certiorari was sought and granted. We are typically reluctant to permit parties to smuggle additional questions into a case before us after the grant of certiorari. See *Izumi Seimitsu Kogyo Kabushiki Kaisha* v. *U. S. Philips Corp.*, 510 U. S. 27, 31–34 (1993) *(per curiam)*. Although Norfolk is doubtless correct that we could consider the question of what standard applies as anterior to the question whether the standards may differ, the issue of the substantive content of the causation standard is significant enough that we prefer not to address it when it has not been fully presented. We also agree with Sorrell that it would be unfair at this point to allow Norfolk to switch gears and seek a ruling from us that the standard should be proximate cause across the board.

What Norfolk *did* argue throughout is that the instructions, when given together, impermissibly created different standards of causation. It chose to present in its petition for certiorari the more limited question whether the courts below erred in applying standards that differ. That is the question on which we granted certiorari and the one we decide today.

## II

In response to mounting concern about the number and

severity of railroad employees' injuries, Congress in 1908 enacted FELA to provide a compensation scheme for railroad workplace injuries, pre-empting state tort remedies. *Second Employers' Liability Cases*, 223 U. S. 1, 53–55 (1912). Unlike a typical workers' compensation scheme, which provides relief without regard to fault, Section 1 of FELA provides a statutory cause of action sounding in negligence:

> "[E]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U. S. C. §51.

FELA provides for concurrent jurisdiction of the state and federal courts, §56, although substantively FELA actions are governed by federal law. *Chesapeake & Ohio R. Co.* v. *Stapleton*, 279 U. S. 587, 590 (1929). Absent express language to the contrary, the elements of a FELA claim are determined by reference to the common law. *Urie* v. *Thompson*, 337 U. S. 163, 182 (1949). One notable deviation from the common law is the abolition of the railroad's common-law defenses of assumption of the risk, §54; *Tiller* v. *Atlantic Coast Line R. Co.*, 318 U. S. 54, 58 (1943), and, at issue in this case, contributory negligence, §53.

At common law, of course, a plaintiff's contributory negligence operated as an absolute bar to relief. W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts §65, pp. 461–462 (5th ed. 1984) (hereinafter Prosser & Keeton); 1 D. Dobbs, Law of Torts §199, p. 494 (2001) (hereinafter Dobbs). Under Section 3 of FELA, however, an employee's negligence does not bar relief but instead diminishes recovery in proportion to his fault:

> "[In all actions under FELA], the fact that the em-
> ployee may have been guilty of contributory negli-
> gence shall not bar a recovery, but the damages shall
> be diminished by the jury in proportion to the amount
> of negligence attributable to such employee. . . ."  45
> U. S. C. §53.

Both parties agree that at common law the causation
standards for negligence and contributory negligence were
the same.  Brief for Respondent 40–41; Tr. of Oral Arg.
46–48.  As explained in the Second Restatement of Torts:

> "The rules which determine the causal relation be-
> tween the plaintiff's negligent conduct and the harm
> resulting to him are the same as those determining
> the causal relation between the defendant's negligent
> conduct and resulting harm to others."  §465(2), p. 510
> (1964).

See also Prosser & Keeton §65, at 456; Dobbs §199, at 497
("The same rules of proximate cause that apply on the
issue of negligence also apply on the issue of contributory
negligence" (footnote omitted)).  This was the prevailing
view when FELA was enacted in 1908.  See 1 T. Shearman
& A. Redfield, A Treatise on the Law of Negligence §94,
pp. 143–144 (5th ed. 1898) ("The plaintiff's fault . . . must
be a proximate cause, in the same sense in which the
defendant's negligence must have been a proximate cause
in order to give any right of action").

Missouri's practice of applying different causation stan-
dards in FELA actions is apparently unique.  Norfolk
claims that Missouri is the only jurisdiction to allow such
a disparity, and Sorrell has not identified another.[2]  It is of

---

[2] A review of model and pattern jury instructions in FELA actions
reveals a variety of approaches.  Some jurisdictions recommend using
the "in whole or in part" or "in any part" formulation for both railroad
negligence and plaintiff contributory negligence, by using the same

course possible that everyone is out of step except Mis-

———————

language in the respective pattern instructions, including a third instruction that the same causation standard is applied to both parties, or including in commentary an admonition to that effect. See, *e.g.,* 5 L. Sand, J. Siffert, W. Loughlin, S. Reiss, & N. Batterman, Modern Federal Jury Instructions—Civil ¶¶89.02–89.03, pp. 89–7, 89–44, 89–53 (3d ed. 2006); 4 Fla. Forms of Jury Instruction §§161.02, 161.47, 161.60 (2006); Cal. Jury Instr., Civ., Nos. 11.07, 11.14, and Comment (2005); 3 Ill. Forms of Jury Instruction §§91.02[1], 91.50[1] (2005); 3 N. M. Rules Ann., Uniform Jury Instr., Civ., Nos. 13–905, 13–909, 13–915 (2004); Model Utah Jury Instr., Civ., Nos. 14.4, 14.7, 14.8 (1993 ed.); Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit §7.03, and n. 7 (2005); Eleventh Circuit Pattern Jury Instructions (Civil Cases) §7.1 (2005). Other jurisdictions use the statutory formulation ("in whole or in part") for railroad negligence, and do not contain a pattern instruction for contributory negligence. See, *e.g.,* Mich. Non-Standard Jury Instr., Civ., §12:53 (Supp. 2006). Both Alabama and Virginia use formulations containing language of both proximate cause and in whole or in part. 1 Ala. Pattern Jury Instr., Civ., Nos. 17.01, 17.05 (2d ed. 1993) (railroad negligence "proximately caused, in whole or in part"; plaintiff contributory negligence "proximately contributed to cause"); 1 Va. Jury Instructions §§40.01, 40.02 (3d ed. 1998) (railroad negligence "in whole or in part was the proximate cause of or proximately contributed to cause," plaintiff negligence "contributed to cause"). In New York, the pattern instructions provide that railroad causation is measured by whether the injury results "in whole or in part" from the railroad's negligence, and a plaintiff's contributory negligence diminishes recovery if it "contributed to caus[e]" the injury. 1B N. Y. Pattern Jury Instr., Civ., No. 2:180 (3d ed. 2006). Montana provides only a general FELA causation instruction. Mont. Pattern Instr., Civ., No. 6.05 (1997) ("[A]n act or a failure to act is the cause of an injury if it plays a part, no matter how small, in bringing about the injury"). Kansas has codified instructions similar to Missouri's, Kan. Pattern Instr. 3d, Civ., No. 132.01 (2005) (railroad liable when injury "results in whole or in part" from railroad's negligence); *id.,* No. 132.20 (contributory negligence is negligence on the part of the plaintiff that "contributes as a direct cause" of the injury), but the commentary to these instructions cites cases and instructions applying a single standard, *id.,* No. 132.01, and Comment, and in practice the Kansas courts have used the language of in whole or in part for both parties' negligence. See *Merando* v. *Atchison, T. & S. F. R. Co.*, 232 Kan. 404, 406–409, 656 P. 2d 154, 157–158 (1982).

souri, but we find no basis for concluding that Congress in
FELA meant to allow disparate causation standards.

We have explained that "although common-law princi-
ples are not necessarily dispositive of questions arising
under FELA, unless they are expressly rejected in the text
of the statute, they are entitled to great weight in our
analysis." *Gottshall*, 512 U. S., at 544. In *Gottshall* we
"cataloged" the ways in which FELA expressly departed
from the common law: it abolished the fellow servant rule,
rejected contributory negligence in favor of comparative
negligence, prohibited employers from contracting around
the Act, and abolished the assumption of risk defense.
*Norfolk & Western R. Co.* v. *Ayers*, 538 U. S. 135, 145
(2003); *Gottshall*, *supra*, at 542–543. The fact that the
common law applied the same causation standard to
defendant and plaintiff negligence, and FELA did not
expressly depart from that approach, is strong evidence
against Missouri's disparate standards. See also *Mones-
sen Southwestern R. Co.* v. *Morgan*, 486 U. S. 330, 337–
338 (1988) (holding that, because FELA abrogated some
common-law rules explicitly but did not address "the
equally well-established doctrine barring the recovery of
prejudgment interest, . . . we are unpersuaded that Con-
gress intended to abrogate that doctrine *sub silentio*").

Departing from the common-law practice of applying a
single standard of causation for negligence and contribu-
tory negligence would have been a peculiar approach for
Congress to take in FELA. As one court explained, under
FELA,

> "[a]s to both attack or defense, there are two common
> elements, (1) negligence, i.e., the standard of care, and
> (2) causation, i.e., the relation of the negligence to the
> injury. So far as negligence is concerned, that stan-
> dard is the same—ordinary prudence—for both Em-
> ployee and Railroad alike. Unless a contrary result is

imperative, it is, at best, unfortunate if two standards of causation are used." *Page*, 349 F. 2d, at 823.

As a practical matter, it is difficult to reduce damages "in proportion" to the employee's negligence if the relevance of each party's negligence to the injury is measured by a different standard of causation. Norfolk argues, persuasively we think, that it is far simpler for a jury to conduct the apportionment FELA mandates if the jury compares like with like—apples to apples.

Other courts to address this question concur. See *Fashauer* v. *New Jersey Transit Rail Operations, Inc.*, 57 F. 3d 1269, 1282–1283 (CA3 1995); *Caplinger* v. *Northern Pacific Terminal*, 244 Ore. 289, 290–292, 418 P. 2d 34, 35–36 (1966) (in banc); *Page, supra*, at 822–823; *Ganotis*, 342 F. 2d, at 768–769.[3] The most thoughtful treatment comes in *Page*, in which the Fifth Circuit stated: "[W]e think that from the very nature of comparative negligence, the standard of causation should be single. . . . Use of the terms 'in proportion to' and 'negligence attributable to' the injured worker inescapably calls for a comparison. . . . [I]t is obvious that for a system of comparative fault to work, the basis of comparison has to be the same." 349 F. 2d, at 824. See also Restatement (Third) of Torts: Apportionment of Liability §3, Reporters' Note, p. 37, Comment *a* (1999) ("[C]omparative responsibility is difficult to administer

—————

[3] See also *Bunting* v. *Sun Co., Inc.*, 434 Pa. Super. 404, 409–411, 643 A. 2d 1085, 1088 (1994); *Hickox* v. *Seaboard System R. Co.*, 183 Ga. App. 330, 331–332, 358 S. E. 2d 889, 891–892 (1987). An exception is a Texas case that no court has since cited for the proposition, *Missouri-Kansas-Texas R. Co.* v. *H. T. Shelton*, 383 S. W. 2d 842, 844–846 (Civ. App. 1964), and that the Texas model jury instructions, which instruct the jury to determine plaintiff or railroad negligence using a single "in whole or in part" causation standard, at least implicitly disavow. See 10 West's Texas Forms: Civil Trial and Appellate Practice §23.34, p. 27 (3d ed. 2000) ("Did the negligence, if any, of the [plaintiff or railroad] cause, in whole or in part, the occurrence in question?").

when different rules govern different parts of the same lawsuit"). We appreciate that there may well be reason to "doubt that such casuistries have any practical significance [for] the jury," *Page, supra,* at 823, but it seems to us that Missouri's idiosyncratic approach of applying different standards of causation unduly muddies what may, to a jury, be already murky waters.

Sorrell argues that FELA does contain an explicit statutory alteration from the common-law rule: Section 1 of FELA—addressing railroad negligence—uses the language "in whole or in part," 45 U. S. C. §51, while Section 3—covering employee contributory negligence—does not, §53. This, Sorrell contends, evinces an intent to depart from the common-law causation standard with respect to railroad negligence under Section 1, but not with respect to any employee contributory negligence under Section 3.

The inclusion of this language in one section and not the other does not alone justify a departure from the common-law practice of applying a single standard of causation. It would have made little sense to include the "in whole or in part" language in Section 3, because if the employee's contributory negligence contributed "in whole" to his injury, there would be no recovery against the railroad in the first place. The language made sense in Section 1, however, to make clear that there could be recovery against the railroad even if it were only partially negligent.

Even if the language in Section 1 is understood to address the standard of causation, and not simply to reflect the fact that contributory negligence is no longer a complete bar to recovery, there is no reason to read the statute as a whole to encompass different causation standards. Section 3 simply does not address causation. On the question whether a different standard of causation applies as between the two parties, the statutory text is silent.

Finally, in urging that a higher standard of causation for plaintiff contributory negligence is acceptable, Sorrell

invokes FELA's remedial purpose and our history of liberal construction. We are not persuaded. FELA was indeed enacted to benefit railroad employees, as the express abrogation of such common-law defenses as assumption of risk, the contributory negligence bar, and the fellow servant rule make clear. See *Ayers*, 538 U. S., at 145. It does not follow, however, that this remedial purpose requires us to interpret every uncertainty in the Act in favor of employees. See *Rodriguez* v. *United States*, 480 U. S. 522, 526 (1987) *(per curiam)* ("[I]t frustrates rather than effectuates legislative intent simplistically to assume that *whatever* furthers the statute's primary objective must be the law"). FELA's text does not support the proposition that Congress meant to take the unusual step of applying different causation standards in a comparative negligence regime, and the statute's remedial purpose cannot compensate for the lack of a statutory basis.

We conclude that FELA does not abrogate the common-law approach, and that the same standard of causation applies to railroad negligence under Section 1 as to plaintiff contributory negligence under Section 3. Sorrell does not dispute that Missouri applies different standards, see Brief for Respondent 40–41; see also Mo. Approved Jury Instr., Civ., No. 24.01, Committee's Comment (1978 New), and accordingly we vacate the judgment below and remand the case for further proceedings.

The question presented in this case is a narrow one, and we see no need to do more than answer that question in today's decision. As a review of FELA model instructions indicates, n. 2, *supra*, there are a variety of ways to instruct a jury to apply the same causation standard to railroad negligence and employee contributory negligence. Missouri has the same flexibility as the other States in deciding how to do so, so long as it now joins them in applying a single standard.

Sorrell maintains that even if the instructions improp-

erly contained different causation standards we should nonetheless affirm because any error was harmless. He argues that the evidence of his negligence presented at trial, if credited by the jury, could only have been a "direct" cause, so that even with revised instructions the result would not change. This argument is better addressed by the Missouri Court of Appeals, and we leave it to that court on remand to determine whether a new trial is required in this case.

The judgment of the Missouri Court of Appeals is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

## No. 05–746

_____

### NORFOLK SOUTHERN RAILWAY COMPANY, PETI-TIONER *v.* TIMOTHY SORRELL

#### ON WRIT OF CERTIORARI TO THE COURT OF APPEALS OF MISSOURI, EASTERN DISTRICT

[January 10, 2007]

JUSTICE SOUTER, with whom JUSTICE SCALIA and JUSTICE ALITO join, concurring.

I agree that the same standard of causal connection controls the recognition of both a defendant-employer's negligence and a plaintiff-employee's contributory negligence in Federal Employers' Liability Act (FELA) suits, and I share the Court's caution in remanding for the Missouri Court of Appeals to determine in the first instance just what that common causal relationship must be, if it should turn out that the difference in possible standards would affect judgment on the verdict in this case. The litigation in the Missouri courts did not focus on the issue of what the shared standard should be, and the submissions in this Court did not explore the matter comprehensively.

The briefs and arguments here did, however, adequately address the case of ours with which exploration will begin, and I think it is fair to say a word about the holding in *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500 (1957). Despite some courts' views to the contrary,* *Rogers* did not

_____

*Recently, some courts have taken the view that *Rogers* smuggled proximate cause out of the concept of defendant liability under FELA. See, *e.g.*, *Holbrook* v. *Norfolk Southern R. Co.*, 414 F. 3d 739, 741–742 (CA7 2005) (concluding that "a plaintiff's burden when suing under the FELA is significantly lighter than in an ordinary negligence case"

address, much less alter, existing law governing the degree of causation necessary for redressing negligence as the cause of negligently inflicted harm; the case merely instructed courts how to proceed when there are multiple cognizable causes of an injury.

Prior to FELA, it was clear common law that a plaintiff had to prove that a defendant's negligence caused his injury proximately, not indirectly or remotely. See, *e.g.*, 3 J. Lawson, Rights, Remedies, and Practice 1740 (1890) ("Natural, proximate, and legal results are all that damages can be recovered for, even under a statute entitling one 'to recover *any* damage'"); T. Cooley, Law of Torts 73 (2d ed. 1888) (same). Defendants were held to the same

———————

because "a railroad will be held liable where 'employer negligence played any part, even the slightest, in producing the injury'" (quoting *Rogers*, 352 U. S., at 506)); *Summers* v. *Missouri Pacific R. Co.*, 132 F. 3d 599, 606–607 (CA10 1997) (holding that, in *Rogers*, the Supreme Court "definitively abandoned" the requirement of proximate cause in FELA suits); *Oglesby* v. *Southern Pacific Transp. Co.*, 6 F. 3d 603, 606–609 (CA9 1993) (same). But several State Supreme Courts have explicitly or implicitly espoused the opposite view. See *Marazzato* v. *Burlington No. R., Co.,* 249 Mont. 487, 490–491, 817 P. 2d 672, 674–675 (1991) (*Rogers* addressed multiple causation only, leaving FELA plaintiffs with "the burden of proving that defendant's negligence was the proximate cause in whole or in part of plaintiff's [death]" (alteration in original)); see also *Gardner* v. *CSX Transp., Inc.*, 201 W. Va. 490, 500, 498 S. E. 2d 473, 483 (1997) ("[T]o prevail on a claim under [FELA], a plaintiff employee must establish that the defendant employer acted negligently and that such negligence contributed proximately, in whole or in part, to plaintiff's injury"); *Snipes* v. *Chicago Central & Pacific R. Co.*, 484 N. W. 2d 162, 164 (Iowa 1992) ("Recovery under the FELA requires an injured employee to prove that the defendant employer was negligent and that the negligence proximately caused, in whole or in part, the accident"); *Chapman* v. *Union Pacific R. Co.*, 237 Neb. 617, 627, 467 N. W. 2d 388, 395 (1991) ("To recover under [FELA], an employee must prove the employer's negligence and that the alleged negligence is a proximate cause of the employee's injury").

standard: under the law of that day, a plaintiff's contributory negligence was an absolute bar to his recovery if, but only if, it was a proximate cause of his harm. See *Grand Trunk R. Co.* v. *Ives*, 144 U. S. 408, 429 (1892).

FELA changed some rules but, as we have said more than once, when Congress abrogated common law rules in FELA, it did so expressly. *Norfolk & Western R. Co.* v. *Ayers*, 538 U. S. 135, 145 (2003); *Consolidated Rail Corporation* v. *Gottshall*, 512 U. S. 532, 544 (1994); see also *Second Employers' Liability Cases*, 223 U. S. 1, 49–50 (1912) (cataloguing FELA's departures from the common law). Among FELA's explicit common law targets, the rule of contributory negligence as a categorical bar to a plaintiff's recovery was dropped and replaced with a comparative negligence regime. 45 U. S. C. §53; see *Grand Trunk Western R. Co.* v. *Lindsay*, 233 U. S. 42, 49 (1914). FELA said nothing, however, about the familiar proximate cause standard for claims either of a defendant-employer's negligence or a plaintiff-employee's contributory negligence, and throughout the half-century between FELA's enactment and the decision in *Rogers*, we consistently recognized and applied proximate cause as the proper standard in FELA suits. See, *e.g.*, *Tennant* v. *Peoria & Pekin Union R. Co.*, 321 U. S. 29, 32 (1944) (FELA plaintiff must prove that "negligence was the proximate cause in whole or in part" of his injury); see also *Urie* v. *Thompson*, 337 U. S. 163, 195 (1949) (recognizing proximate cause as the appropriate standard in FELA suits); *St. Louis-San Francisco R. Co.* v. *Mills*, 271 U. S. 344 (1926) (judgment as a matter of law owing to FELA plaintiff's failure to prove proximate cause).

*Rogers* left this law where it was. We granted certiorari in *Rogers* to establish the test for submitting a case to a jury when the evidence would permit a finding that an injury had multiple causes. 352 U. S., at 501, 506. We rejected Missouri's "language of proximate causation

which ma[de] a jury question [about a defendant's liability] dependent upon whether the jury may find that the defendant's negligence was the sole, efficient, producing cause of injury." *Id.*, at 506. The notion that proximate cause must be exclusive proximate cause undermined Congress's chosen scheme of comparative negligence by effectively reviving the old rule of contributory negligence as barring any relief, and we held that a FELA plaintiff may recover even when the defendant's action was a partial cause of injury but not the sole one. Recovery under the statute is possible, we said, even when an employer's contribution to injury was slight in relation to all other legally cognizable causes.

True, I would have to stipulate that clarity was not well served by the statement in *Rogers* that a case must go to a jury where "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Ibid.* But that statement did not address and should not be read as affecting the necessary directness of cognizable causation, as distinct from the occasional multiplicity of causations. It spoke to apportioning liability among parties, each of whom was understood to have had some hand in causing damage directly enough to be what the law traditionally called a proximate cause.

The absence of any intent to water down the common law requirement of proximate cause is evident from the prior cases on which *Rogers* relied. To begin with, the "any part, even the slightest" excerpt of the opinion (cited by respondent in arguing that *Rogers* created a more "relaxed" standard of causation than proximate cause) itself cited *Coray* v. *Southern Pacific Co.*, 335 U. S. 520 (1949). See *Rogers, supra,* at 506, n. 11. There, just eight years before *Rogers*, Justice Black unambiguously recognized proximate cause as the standard applicable in FELA suits. 335 U. S., at 523 ("[P]etitioner was entitled to re-

cover if this defective equipment was the sole or a contributory proximate cause of the decedent employee's death"). Second, the *Rogers* Court's discussion of causation under "safety-appliance statutes" contained a cross-reference to *Coray* and a citation to *Carter* v. *Atlanta & St. Andrews Bay R. Co.*, 338 U. S. 430 (1949), a case which likewise held there was liability only if "the jury determines that the defendant's breach is a 'contributory proximate cause' of injury," *id.*, at 435. *Rogers*, *supra*, at 507, n. 13.

If more were needed to confirm the limited scope of what *Rogers* held, the Court's quotation of the Missouri trial court's jury charge in that case would supply it, for the instructions covered the requirement to show proximate cause connecting negligence and harm, a point free of controversy:

> "'[I]f you further find that the plaintiff . . . did not exercise ordinary care for his own safety and was guilty of negligence and that such negligence, if any[,] was the sole proximate cause of his injuries, if any, and that such alleged injuries, if any, were not directly contributed to or caused by any negligence of the defendant . . . then, in that event, the plaintiff is not entitled to recover against the defendant, and you will find your verdict in favor of the defendant.'" 352 U. S., at 505, n. 9.

Thus, the trial judge spoke of "proximate cause" by plaintiff's own negligence, and for defendant's negligence used the familiar term of art for proximate cause, in referring to a showing that the defendant "directly contributed to or caused" the plaintiff's injuries. We took no issue with the trial court's instruction in this respect, but addressed the significance of multiple causations, as explained above.

Whether FELA is properly read today as requiring proof of proximate causation before recognizing negligence is up

to the Missouri Court of Appeals to determine in the first instance, if necessary for the resolution of this case on remand. If the state court decides to take on that issue, it will necessarily deal with *Rogers*, which in my judgment is no authority for anything less than proximate causation in an action under FELA. The state court may likewise need to address post-*Rogers* cases (including some of our own); I do not mean to suggest any view of them except for the misreading of *Rogers* expressed here and there.

# SUPREME COURT OF THE UNITED STATES

———————

No. 05–746

———————

## NORFOLK SOUTHERN RAILWAY COMPANY, PETI-TIONER *v.* TIMOTHY SORRELL

### ON WRIT OF CERTIORARI TO THE COURT OF APPEALS OF MISSOURI, EASTERN DISTRICT

[January 10, 2007]

JUSTICE GINSBURG, concurring in the judgment.

The Court today holds simply and only that in cases under the Federal Employers' Liability Act (FELA), railroad negligence and employee contributory negligence are governed by the same causation standard. I concur in that judgment. It should be recalled, however, that the Court has several times stated what a plaintiff must prove to warrant submission of a FELA case to a jury. That question is long settled, we have no cause to reexamine it, and I do not read the Court's decision to cast a shadow of doubt on the matter.

In *Consolidated Rail Corporation* v. *Gottshall*, 512 U. S. 532, 543 (1994), we acknowledged that "a relaxed causation standard applies under FELA." Decades earlier, in *Crane* v. *Cedar Rapids & Iowa City R. Co.*, 395 U. S. 164 (1969), we said that a FELA plaintiff need prove "only that his injury resulted in whole or in part from the railroad's violation." *Id.*, at 166 (internal quotation marks omitted). Both decisions referred to the Court's oft-cited opinion in *Rogers* v. *Missouri Pacific R. Co.*, 352 U. S. 500 (1957), which declared: "Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, *even the slightest*, in producing the injury or death for which damages are sought." *Id.*, at 506 (emphasis added). *Rogers*, in

turn, drew upon *Coray* v. *Southern Pacific Co.*, 335 U. S. 520, 524 (1949), in which the Court observed: "Congress . . . imposed extraordinary safety obligations upon railroads and has commanded that if a breach of these obligations contributes in part to an employee's death, the railroad must pay damages."

These decisions answer the question Norfolk sought to "smuggle . . . into" this case, see *ante*, at 5–6, *i.e.*, what is the proper standard of causation for railroad negligence under FELA. Today's opinion leaves in place precedent solidly establishing that the causation standard in FELA actions is more "relaxed" than in tort litigation generally.

A few further points bear emphasis. First, it is sometimes said that *Rogers* eliminated proximate cause in FELA actions. See, *e.g., Crane*, 395 U. S., at 166 (A FELA plaintiff "is not required to prove common-law proximate causation."); *Summers* v. *Missouri Pacific R. Co.*, 132 F. 3d 599, 606 (CA10 1997) ("During the first half of this century, it was customary for courts to analyze liability under . . . FELA in terms of proximate causation. However, the Supreme Court definitively abandoned this approach in *Rogers*." (citation omitted)); *Oglesby* v. *Southern Pacific Transp. Co.*, 6 F. 3d 602, 609 (CA9 1993) ("[Our] holding is consistent with the case law of several other circuits which have found [that] 'proximate cause' is not required to establish causation under the FELA."). It would be more accurate, as I see it, to recognize that *Rogers* describes the test for proximate causation applicable in FELA suits. That test is whether "employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." 352 U. S., at 506.

Whether a defendant's negligence is a proximate cause of the plaintiff's injury entails a judgment, at least in part policy based, as to how far down the chain of consequences a defendant should be held responsible for its wrongdoing. See *Palsgraf* v. *Long Island R. Co.*, 248 N. Y. 339, 352, 162

N. E. 99, 103 (1928) (Andrews, J., dissenting) ("What we do mean by the word 'proximate' is, that because of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point."). In FELA cases, strong policy considerations inform the causation calculus.

FELA was prompted by concerns about the welfare of railroad workers. "Cognizant of the physical dangers of railroading that resulted in the death or maiming of thousands of workers every year," and dissatisfied with the tort remedies available under state common law, "Congress crafted a federal remedy that shifted part of the human overhead of doing business from employees to their employers." *Gottshall*, 512 U. S., at 542 (internal quotation marks omitted); see also *Wilkerson* v. *McCarthy*, 336 U. S. 53, 68 (1949) (Douglas, J., concurring) (FELA "was designed to put on the railroad industry some of the cost for the legs, eyes, arms, and lives which it consumed in its operations."). "We have liberally construed FELA to further Congress' remedial goal." *Gottshall*, 512 U. S., at 543. With the motivation for FELA center stage in *Rogers*, we held that a FELA plaintiff can get to a jury if he can show that his employer's negligence was even the slightest cause of his injury.

The "slightest" cause sounds far less exacting than "proximate" cause, which may account for the statements in judicial opinions that *Rogers* dispensed with proximate cause for FELA actions. These statements seem to me reflective of pervasive confusion engendered by the term "proximate cause." As Prosser and Keeton explains:

"The word 'proximate' is a legacy of Lord Chancellor Bacon, who in his time committed other sins. The word means nothing more than near or immediate; and when it was first taken up by the courts it had connotations of proximity in time and space which

have long since disappeared. It is an unfortunate word, which places an entirely wrong emphasis upon the factor of physical or mechanical closeness. For this reason 'legal cause' or perhaps even 'responsible cause' would be a more appropriate term." W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts §42, p. 273 (5th ed. 1984) (footnotes omitted).

If we take up Prosser and Keeton's suggestion to substitute "legal cause" for "proximate cause," we can state more clearly what *Rogers* held: Whenever a railroad's negligence is the slightest cause of the plaintiff's injury, it is a legal cause, for which the railroad is properly held responsible.[1]

If the term "proximate cause" is confounding to jurists, it is even more bewildering to jurors. Nothing in today's opinion should encourage courts to use "proximate cause," or any term like it, in jury instructions. "[L]egal concepts such as 'proximate cause' and 'foreseeability' are best left to arguments between attorneys for consideration by judges or justices; they are not terms which are properly submitted to a lay jury, and when submitted can only serve to confuse jurors and distract them from deciding cases based on their merits." *Busta* v. *Columbus Hospital Corp.*, 276 Mont. 342, 371, 916 P. 2d 122, 139 (1996). Accord *Mitchell* v. *Gonzales*, 54 Cal. 3d 1041, 1050, 819 P. 2d 872, 877 (1991) ("It is reasonably likely that when jurors hear the term 'proximate cause' they may misunderstand its meaning.").[2]

───────────

[1] I do not read JUSTICE SOUTER's concurring opinion as taking a position on the appropriate causation standard as expressed in *Consolidated Rail Corporation* v. *Gottshall*, 512 U. S. 532 (1994), and *Crane* v. *Cedar Rapids & Iowa City R. Co.*, 395 U. S. 164 (1969). See *supra*, at 1–2.

[2] See also Stapleton, Legal Cause: Cause-in-Fact and the Scope of Liability for Consequences, 54 Vand. L. Rev. 941, 987 (2001) ("[T]he

Sound jury instructions in FELA cases would resemble the model federal charges cited in the Court's opinion. *Ante*, at 8, n. 2. As to railroad negligence, the relevant instruction tells the jury:

> "The fourth element [of a FELA action] is whether an injury to the plaintiff resulted in whole or in part from the negligence of the railroad or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?" 5 L. Sand, J. Siffert, W. Loughlin, S. Reiss, & N. Batterman, Modern Federal Jury Instructions—Civil ¶89.02, p. 89–44 (3d ed. 2006).

Regarding contributory negligence, the relevant instruction reads:

> "To determine whether the plaintiff was 'contributorily negligent,' you . . . apply the same rule of causation, that is, did the plaintiff's negligence, if any, play any part in bringing about his injuries." *Id.*, ¶89.03, p. 89–53.

Both instructions direct jurors in plain terms that they can be expected to understand.

Finally, as the Court notes, *ante*, at 13–14, on remand, the Missouri Court of Appeals will determine whether a new trial is required in this case, owing to the failure of the trial judge properly to align the charges on negligence and contributory negligence. The trial court instructed the jury to find Norfolk liable if the railroad's negligence "resulted in whole or in part in injury to plaintiff." App.

———————

inadequacy and vagueness of jury instructions on 'proximate cause' is notorious."); Cork, A Better Orientation for Jury Instructions, 54 Mercer L. Rev. 1, 53–54 (2002) (criticizing Georgia's jury instruction on proximate cause as incomprehensible); Steele & Thornburg, Jury Instructions: A Persistent Failure to Communicate, 67 N. C. L. Rev. 77 (1988) (demonstrating juror confusion about proximate cause instructions).

14.  In contrast, the court told the jury to find Sorrell contributorily negligent only if he engaged in negligent conduct that "*directly* contributed to cause his injury." *Id.,* at 15 (emphasis added).  At trial, Norfolk sought a different contributory negligence instruction.  Its proposed charge would have informed the jury that Sorrell could be held responsible, at least in part, if his own negligence "contributed in whole or in part to cause his injury." *Id.,* at 11.

Norfolk's proposal was superior to the contributory negligence instruction in fact delivered by the trial court, for the railroad's phrasing did not use the word "directly."[3] As Sorrell points out, however, the instructional error was almost certainly harmless.  Norfolk alleged that Sorrell drove his truck negligently, causing it to flip on its side.  Under the facts of this case, it is difficult to imagine that a jury could find Sorrell negligent in a manner that contributed to his injury, but only indirectly.

Norfolk urged in this Court, belatedly and unsuccessfully, that the charge on negligence was erroneous and should have been revised to conform to the charge in fact delivered on contributory negligence.  See *ante*, at 4.  That argument cannot be reconciled with our precedent.  See *supra*, at 1–2.  Even if it could, it would be unavailing in the circumstances here presented.  Again, there is little likelihood that a jury could find that Norfolk's negligence contributed to Sorrell's injury, but only indirectly.

*      *      *

With the above-described qualifications, I concur in the Court's judgment.

--------

[3] Norfolk's proposed instruction was, nevertheless, imperfect.  As the Court notes, if the employee's negligence "contributed 'in whole' to his injury, there would be no recovery against the railroad in the first place." *Ante*, at 12.